# United States Court of Appeals
## For the First Circuit

No. 10-1372

JAYNE MARTINEZ-BURGOS; JOSE COLON-MARTINEZ and the
CONJUGAL PARTNERSHIP,

Plaintiffs, Appellants,

v.

GUAYAMA CORP., a/k/a BAXTER; BAXTER HEALTHCARE;
BAXTER PHARMACEUTICAL,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

William Nadal Colon on brief for appellants.
Diana M. Espinosa-Nuñez, Juan J. Casillas-Ayala and Fiddler
González & Rodríguez, PSC on brief for appellee.

August 26, 2011

**HOWARD**, **Circuit Judge**.  In this case involving a claim of employment discrimination based on pregnancy, plaintiffs Jayne Martinez-Burgos ("Martinez") and her spouse Jose Colon-Martinez appeal from an order granting summary judgment in favor of Martinez's former employer, defendant Baxter Healthcare S.A., d/b/a Baxter Healthcare of Puerto Rico ("Baxter").[1]  We affirm.

## I.  BACKGROUND

Before we sketch the relevant factual background, there is a threshold issue about which record facts are properly before us.  Baxter filed a motion for summary judgment in December 2008.  Martinez filed a timely opposition, complete with exhibits, in support of her factual assertions.  In connection with her opposition, Martinez was granted leave to file the exhibits first in Spanish and to later provide the required English translations.[2]  The summary judgment motion was subsequently referred to a magistrate judge, who issued a report and recommendation in November 2009.  The magistrate judge refused to consider Martinez's still-untranslated exhibits and found that Martinez had not provided a proper counter-statement of material facts, as required by Local Rule 56(c).  As a result of these failings, the magistrate

---

[1]Martinez's husband's claims and the claims resulting from their shared conjugal relationship are derivative of her individual claims.  In the interest of clarity and conciseness, we will refer only to Martinez's claims in this opinion.

[2]See D.P.R. L.Civ.R. 10(b)(now codified as D.P.R. L.Civ.R. 5(g)).

judge ruled that Baxter's statement of material facts would be deemed as admitted. The magistrate judge recommended that summary judgment be granted on the plaintiffs Title VII pregnancy claims and that remaining state law claims be dismissed without prejudice.

Martinez eventually filed the translations with her objection to the report and recommendation -- approximately eleven months after she had originally filed the exhibits. The district court, however, declined to consider any documents or other facts not first presented to the magistrate judge, and granted summary judgment to Baxter.

Ordinarily, we would review the district court's decision regarding Martinez's local rules violations for abuse of discretion. See Crowley v. L.L. Bean, Inc., 361 F.3d 22, 25 (1st Cir. 2004). Here, however, Martinez has waived the issue. Her appellate argument on this point is only that she "complied with the District Court Local Rules" when she filed her opposition to summary judgment. Such a bare contradiction is plainly insufficient as an argument. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived.").[3] Martinez's attempt to revive this issue in her

---

[3]See also, Monty Python's Flying Circus: The Argument Clinic (Episode 29; Nov. 2, 1972) (observing that "an argument is a collective series of statements to establish a definite proposition. . . . Argument is an intellectual process. Contradiction is just the automatic gainsaying of anything the

reply brief is also deficient. See United States v. Vanvliet, 542 F.3d 259, 265 n.3 (1st Cir. 2008) ("Arguments raised for the first time in a reply brief are waived."). Accordingly, we set forth the facts of this case as culled from the record and from the uncontested facts proffered by Baxter and deemed admitted by appellants.

Martinez was employed by Kelly Services, Inc. ("KS"), which provided temporary staffing to Baxter's pharmaceutical plant in Guayama, Puerto Rico. Through KS, Martinez was assigned to work at the Guayama plant as a "Fill & Pack Operator." Her temporary work assignment commenced in September 2003, and consisted of packing, capping, labeling and inspecting sterile bottles of anesthesia. She worked as an assembly line employee and was responsible for making sure that the bottles to be filled with anesthesia were "clean." Baxter generally renewed Martinez's temporary assignment through KS on a monthly basis.

During her time at the plant, Martinez was notified and received training about various Standard Operating Procedures ("SOPs") and Good Manufacturing Practices ("GMPs") relevant to her work. GMP violations could subject Baxter to serious consequences, including fines, plant shutdowns, permit revocations and product recalls. Martinez was also specifically trained at least twice on Baxter's relevant "Personal Attire and Hygiene" policy.

other person says.").

-4-

On several occasions, Martinez was cited for failing to comply with company regulations or GMPs. In October 2003, for example, not long after she began working at Baxter, Martinez was orally reprimanded for violating Baxter's dress code. She was given an Employee Counseling Report ("ECR") in connection with the reprimand, and signed the report without disputing its contents. In December 2004, Martinez was reprimanded for chewing gum in violation of Baxter's GMPs, as well as the Personal Attire and Hygiene policy. The ECR in connection with this incident observed that Martinez had on several occasions been admonished for chewing gum in the workplace and that if she were to repeat such conduct, Baxter would terminate her employment immediately. Martinez signed this ECR as well without disputing its contents. In addition to these incidents, Martinez was also verbally reprimanded on a few occasions for wearing jewelry at work.

Baxter also provided evaluations of Martinez's performance to KS. One such evaluation noted several instances of noncompliance with GMPs and violation of Baxter's Personal Attire and Hygiene Policy. Specifically, the evaluation observed that Martinez had been reprimanded for chewing gum, wearing jewelry and not wearing eye protection. Another evaluation pointed out that Martinez had a persistent tardiness problem.

In her final evaluation, completed on or around February 28, 2005, Martinez's supervisor pointed out that Martinez could improve her attendance, punctuality, professionalism and attitude.

Earlier in February 2005, an increase in production needs prompted Baxter to create five new, full-time Fill & Pack Operator positions. Martinez applied for one of these newly created positions. Among the requirements for the position was the demand that candidates have strong GMP knowledge and safety awareness.

Martinez and the other candidates for the positions were interviewed on February 25, 2005. All of the interviews were conducted by the same four-member panel using the same questionnaire. There were ten categories, known as competence standards, under which each applicant was evaluated. The five highest-scoring interviewees would be considered to fill the new openings. Martinez did not rank among the top five candidates. In addition, she did not achieve the minimum score to qualify for the position in eight of the ten competence standards. The successful candidates were hired in May and July 2005; Martinez was not among them.

At the time that Martinez sought the full-time position, she was approximately seven months pregnant. She began her maternity leave on March 15, 2005, and gave birth on March 26, 2005. Martinez's last temporary contract had a term of March 7 to April 15, 2005. It was the eighth contract renewal for Martinez

after she informed Baxter of her pregnancy in August 2004. KS paid Martinez's maternity leave benefits until about May 10, 2005. Although she applied for temporary employment, Martinez was not rehired by Baxter after her leave ended. She subsequently obtained other work through KS.

In her complaint, Martinez asserted two distinct discrimination claims. First, she contended that Baxter discriminated against her because of her pregnancy when it refused to hire her for the full-time Fill & Pack Operator position. Second, she claimed that Baxter discriminated against her because of her pregnancy when it refused to renew her temporary services contract after her maternity leave.

As previously noted, the magistrate judge recommended granting Baxter's summary judgment motion with respect to the Title VII pregnancy discrimination claims and recommended dismissing Martinez's supplemental state law claims without prejudice. The district court adopted the report and recommendation with only minor modifications. This appeal followed.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo. Fontanez-Nuñez v. Janssen Ortho LLC, 447 F.3d 50, 54 (1st Cir. 2006). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Id.; Fed. R. Civ. P.

56(c).  Issues are not suitable for summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  We view the summary judgment record in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor.  Flowers v. Fiore, 359 F.3d 24, 29 (1st Cir. 2004).

Title VII makes it unlawful "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1).  The Pregnancy Discrimination Act of 1978 ("PDA") extended Title VII's protection against discrimination to specifically include discrimination "on the basis of pregnancy." 42 U.S.C. § 2000e(k).  "It is settled under Title VII that an employer may not discharge an employee based on the categorical fact of her pregnancy."  Smith v. F.W. Morse & Co., 76 F.3d 413, 424 (1st Cir. 1996).  A pregnant employee may be discharged however, if the employer "does so for legitimate reasons unrelated to her pregnancy."  Id.  Where, as here, there is no direct evidence of discrimination, we apply the familiar burden shifting framework to Martinez's Title VII claims.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  The initial burden is on the plaintiff to establish a prima facie case of pregnancy discrimination.  Smith, 76 F.3d at 421.

To establish a prima facie case on her claim based on Baxter's failure to choose her from among the candidates for the full-time position, Martinez must show that: (1) she was pregnant or indicated an intention to become pregnant and (2) she was qualified for the position; but (3) she suffered an adverse employment action when she was rejected (4) in favor of a similarly qualified individual. See Rathbun v. Autozone, Inc., 361 F.3d 62, 71 (1st Cir. 2004). On her claim based on the failure to rehire her for a temporary position, Martinez must show that: (1) she was pregnant or indicated an intention to become pregnant, (2) she met Baxter's legitimate performance expectations, but (3) Baxter nonetheless decided not to renew her temporary work contract while (4) continuing to have her duties performed by a comparably qualified person. Smith, 76 F.3d at 421.

Meeting the initial prima facie requirement is "not especially burdensome." Greenberg v. Union Camp Corp., 48 F.3d 22, 26 (1st Cir. 1995); see also Kosereis v. Rhode Island, 331 F.3d 207, 213 (1st Cir. 2003) (describing the prima facie burden under the McDonnell Douglas framework as "not onerous," "easily made," and a "small showing"). Satisfaction of the prima facie burden creates a rebuttable presumption that discrimination prompted the challenged adverse employment action. Cumpiano v. Banco Santander P.R., 902 F.2d 148, 153 (1st Cir. 1990). Baxter may rebut this presumption by articulating a non-discriminatory reason for the

adverse employment action, Smith, 76 F.3d at 421, which eliminates the presumption and shifts the burden back to Martinez to point to sufficient evidence to demonstrate that Baxter's proffered reason is mere pretext and that the true reason is discriminatory. Id.

We turn now to the specific facts of Martinez's failure to hire claim. The district court concluded that Martinez failed to establish a prima facie case of discrimination regarding Baxter's failure to hire her for the regular Fill & Pack Operator position. We do as well.

First of all, the record amply demonstrates that Martinez was not qualified for the position. Baxter intended to hire the five individuals with the highest scores during the interview process; Martinez did not rank among the top five.[4] Further, the position she sought required strong GMP knowledge and safety awareness. Yet Martinez had a documented history of violating these important workplace rules. For example, she frequently violated Baxter's SOPs and GMPs by chewing gum, wearing jewelry, neglecting to wear eye protection and being chronically tardy. These violations, taken together, or even considered separately, demonstrate a lack of GMP knowledge and safety awareness. In

---

[4]Martinez claims that the district court erred in not considering testimony by her husband about her qualifications and test scores. As previously noted, however, these documents were not timely submitted to the district court and, as we also observed, the argument is waived on appeal. By contrast, Baxter's evidence of the candidates' interview scores confirms that Martinez was not among the top five scorers.

short, Baxter had ample reason to suppose that Martinez was not qualified for the position.

The record also reflects that Martinez failed to achieve the minimum score for a "fitting candidate" by scoring below this mark in eight of the ten competence standards that were evaluated during the interviewing process. This fact by itself defeats her contention that she was qualified for the position. See Alvarado-Santos v. Dep't of Health, 619 F.3d 126, 135 (1st Cir. 2010) (noting the nonexistence of gender discrimination where chosen male center director had a significantly better compliance record than female physician's); see also Texas v. Lesage, 528 U.S. 18, 21 (1999) (holding state university was entitled to summary judgment on applicant's section 1983 race discrimination claim where it presented evidence that plaintiff's grades, test scores, and recommendations were not as strong as those of successful applicants).

Because the undisputed record demonstrates that Martinez was not qualified for the position, we need not consider whether a similarly qualified individual was selected. Nevertheless, it is undisputed that each of the eventual hirees had better interview scores than Martinez achieved, thus undermining any claim that she was passed over in favor of a similarly qualified individual. Rathbun, 361 F.3d at 71. Accordingly, Martinez has failed to

establish a prima facie case on this claim and the district court acted appropriately in dismissing it on summary judgment.[5]

Martinez's claim based on Baxter's failure to rehire her as a temporary employee after her pregnancy requires a slightly different evaluation of the record. The district court found that Martinez had established a prima facie case on this claim, but that Baxter presented a legitimate, non-discriminatory reason for its decision and Martinez failed to present evidence that this non-discriminatory reason was pretextual.[6]

Baxter first argues that the district court erred in finding that Martinez had made out a prima facie case. We will assume without deciding that Martinez did set forth a prima facie case. Nevertheless, given the strength of Baxter's evidence of non-discriminatory reasons for its decision not to rehire Martinez, and the absence of any meaningful response from Martinez, the claim fails. Baxter first cites Martinez's documented instances of noncompliance with a raft of company policies and rules as a legitimate non-discriminatory basis for its decision, combined with

---

[5]The district court went a step further, also concluding that Martinez's prima facie case failed because she was not pregnant at the time the hiring decision was made. Because we resolve the prima facie issue on the basis of her qualifications, we do not reach this possible ground.

[6]In so doing, the district court judge parted ways with the magistrate judge, who found that Martinez had failed to demonstrate that she was a qualified candidate, and thus failed to establish a prima facie case.

record evidence that it had determined that an individual who was not qualified for a full-time position would not be hired for a temporary position. Baxter also concluded that the worker provided by KS after Martinez began her leave was performing better than Martinez. This is sufficient for Baxter to meet its burden of production, shifting the burden back to Martinez to provide evidence that Baxter's proffered reason was but a pretext for pregnancy discrimination. See Smith, 76 F.3d at 421.

Rebutting a proffered legitimate reason for the adverse action is more demanding than the relatively low bar at the prima facie stage of the burden-shifting framework. See Kosereis, 331 F.3d at 213. Martinez may show pretext by establishing "'weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons' such that a factfinder could 'infer that the employer did not act for the asserted non-discriminatory reasons.'" Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 56 (1st Cir. 2000) (internal citations omitted).

Ultimately, Martinez makes no such showing. The evidence she offers in her attempted rebuttal is barely explored and refers to materials that the district court did not permit into evidence and are therefore not part of the record. Martinez's sole discernable contention is that Baxter's hiring of the temporary worker who held the position in her absence is evidence of

discrimination.   This argument is so undeveloped that we could consider the issue waived, but even if we do not, Martinez offers nothing to rebut Baxter's asserted legitimate non-discriminatory reason for not rehiring her; simply put, her replacement performed the job better than she.   Therefore, summary judgment was appropriate.[7]

**III.  CONCLUSION**

The judgment of the district court is **<u>affirmed</u>**.

---

[7]Martinez hints at an argument that Baxter's decision to extend her temporary employment eight times while she was pregnant is evidence of discriminatory pretext because, she claims, her transgressions had never before been an obstacle to temporary employment.  Given the uncontradicted evidence that her failure to qualify for the full-time position doomed her subsequent attempt at getting rehired for the temporary position, this argument fails.