UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ashley A. Mason

    v.                                            Civil No. 22-cv-104-SE
                                                  Opinion No. 2022 DNH 141
The Derryfield School et al.


O R D E R

On March 23, 2022, Ashley A. Mason, proceeding pro se, filed a Title VII action against her former employer, the Derryfield School ("School") and two of its employees—Deborah Bremberg and Jonathan DeYoung, alleging that she was unlawfully terminated because she was pregnant. Doc. no. 1. The defendants move to dismiss all or part of Mason's complaint on the grounds that it improperly names individual School employees as defendants, is untimely, and fails to state a claim under Title VII. Doc. no. 4. Mason objects. Doc. no. 8.


Background

The following facts are taken from Mason's complaint and documents attached thereto. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5 (1st Cir. 2005) (in ruling on a motion to dismiss for failure to state a claim, the court may consider "the complaint, documents annexed to it or fairly incorporated into it, and matters susceptible to judicial

notice"). The complaint states that Mason is bringing a claim for "wrongful termination on the basis of pregnancy-related medical emergency (retaliation)" under Title VII. Doc. nos. 1 at 3, 1-1 at 1. The complaint continues:

> The facts and circumstances are primarily that The Derryfield School retaliated with a wrongful termination on 8/27/2020 following an emergency surgery I had for an ectopic pregnancy the week prior. Deborah Bremberg literally pointed to my doctor's letter and said "these 2 days [after your surgery] are unexcused absences."
> Secondly, I was treated differently following this surgery based on my gender and the school deviated from normal procedures in their treatment of me.

Doc. no. 1 at 3 (alteration in original).

Attached to and referenced in the complaint is a "Dismissal and Notice of Rights" from the United States Equal Employment Opportunity Commission ("EEOC") addressed to Mason and dated December 9, 2021. Doc. no. 1-2 at 2-3 ("Right-to-Sue Letter"). It states that the "EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of [Title VII]." Id. at 2. It further states that Mason may file a lawsuit under federal law and that such lawsuit "must be filed WITHIN 90 DAYS of [her] receipt of this notice; or [her] right to sue based on this charge will be lost." Id. (emphasis omitted).

2

Also attached to the complaint is a letter to Mason from the EEOC dated December 23, 2021. Doc. no. 1-2 at 1 ("Second Letter"). The Second Letter states that the EEOC issued Mason's Right-to-Sue Letter on December 9, 2021, and "[s]pecifically, on that date, EEOC sent [her] an email notification that EEOC had made a decision regarding the above-referenced charge and advised [her] to download a copy of the decision document from the Portal." Id. The Second Letter goes on to say that the agency's records indicate Mason had "not downloaded that document from the portal. For [her] convenience, a copy of that document is enclosed with this letter." Id. A copy of the email that the EEOC sent to Mason on December 9, 2021 ("EEOC Email") is not currently in the record. Mason filed her complaint in this action on March 23, 2022.

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it pleads "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

To test a complaint's sufficiency, the court must first identify and disregard statements that "merely offer 'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678 (alterations omitted)). Second, the court must credit as true all nonconclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible. See id. In light of Mason's pro se status, the court liberally construes her pleadings.[1] Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Discussion

At the outset, the court understands Mason's complaint to attempt to set forth only an employment discrimination claim under Title VII for disparate treatment on the basis of pregnancy. Although the complaint mentions "retaliation," there

---

[1] Mason submitted a sworn affidavit with her objection. Doc. no. 8-2. The court cannot consider the affidavit unless it converts the defendants' motion into a motion for summary judgment. Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009). Because the court denies the motion to dismiss with respect to the claims related to the affidavit, there is no need to convert it and consider the affidavit.

4

are no allegations of any prior conduct protected by Title VII for which Mason's employer could have retaliated. See Carlson v. Univ. of New Eng., 899 F.3d 36, 43 (1st Cir. 2018) (explaining Title VII "prohibits employers from retaliating against employees who report violations of that title" (citing 42 U.S.C. § 2000e-3(a))).

The defendants move to dismiss the individual defendants, Bremberg and DeYoung, arguing that Mason cannot assert her claim against individual employees. They also move to dismiss the complaint in its entirety, arguing that it is untimely and that it fails to allege that the School knew Mason was pregnant before terminating her.

I.   Individual Employee Liability

The defendants contend that Title VII does not provide for individual employee liability and, therefore, Bremberg and DeYoung must be dismissed from this action. The court agrees. Fantini v. Salem State Coll., 557 F.3d 22, 30 (1st Cir. 2009). Mason does not object to this portion of the defendants' motion and indicated in her objection her intent to file a motion to dismiss the individually named defendants on that basis. Though Mason has not yet filed any such motion, none is necessary. Bremberg and DeYoung are dismissed from this case.

## II.  Untimeliness

The defendants argue that Mason's pregnancy discrimination claim must be dismissed because it is untimely. An employee wishing to file a civil action asserting a claim under Title VII must first file an administrative charge with the EEOC and may file a civil complaint only after receiving a right-to-sue letter from the agency. 42 U.S.C. § 2000e-5(f)(1). Once the employee receives the right-to-sue letter, she must file the civil action within 90 days. Id.; Hill v. Textron Automotive Interiors, Inc., 160 F. Supp. 2d 179, 183 (D.N.H. 2001). "In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Rice v. New England College, 676 F.2d 9, 10-11 (1st Cir. 1982) (affirming dismissal of Title VII claim filed 91 days after receipt of EEOC's right-to-sue letter). Courts have concluded, however, that the 90-day period does not begin to run until the employee actually receives the right-to-sue letter. Hill, 160 F. Supp. 2d at 183.

Mason attached to her complaint the Right-to-Sue Letter and the Second Letter. The Second Letter, dated December 23, 2021, enclosed a copy of the Right-to-Sue Letter. It also states that the EEOC had originally sent Mason notice of the Right-to-Sue Letter via email on December 9, 2021, and advised her to

6

download it from the portal. Nonetheless, it acknowledges that EEOC records indicated, as of December 23, 2021, that she had not done so. Mason filed this action on March 23, 2022, exactly 90 days after the date of the Second Letter. Therefore, whether Mason "actually received" the Right-to-Sue Letter via the December 9, 2021 EEOC Email or rather with the December 23, 2021 Second Letter will decide her compliance with the 90-day filing deadline. There are two legal issues affecting the decision: first, whether it matters if Mason had not downloaded the Right-to-Sue Letter from the portal as of December 23, 2021; and second, whether the court can presume that Mason received the EEOC Email prior to receiving the Second Letter.

A. Failure to Access the Right-to-Sue Letter on the Portal

Mason neither confirms nor denies receipt of the EEOC Email. Instead, she argues that she was not required to participate in the EEOC's online filing system. Viewed generously, Mason's objection argues that she intends to assert that the EEOC Email was insufficient to serve as receipt of the Right-to-Sue Letter because she did not access the letter through the portal and was not required to do so. Mason is incorrect.

There is no question that the EEOC was authorized to issue the Right-to-Sue Letter electronically. See 29 C.F.R. §

7

1601.3(b) ("For the purposes of this part, the terms *file, serve, submit, receive, transmit, present, send, issue,* and *notify* shall include all forms of digital transmission."); 29 C.F.R. § 1601.18(b) (written notice of the dismissal and the notice of rights "shall be issued" to the person claiming to be aggrieved). The courtesy copy later sent through regular mail does not undermine the authority to issue the notice electronically.

Moreover, Mason could not postpone the beginning of the 90-day clock to file a civil suit simply by refusing or neglecting to access the portal. See, e.g., Lax v. Mayorkas, 20 F.4th 1178, 1181-82 (7th Cir. 2021) (affirming dismissal of action as one day late because the limitations period started to run on the day plaintiff received an email notifying him of the EEOC's final decision even though he alleged that he was unable to open the email's attachment until the next day); Boyd v. Monroe City Hall, No. 3:20-CV-01473, 2021 WL 1305385, at *4 (W.D. La. Mar. 8, 2021) (holding that EEOC notice of right to sue was received by email on August 17, 2020 even where the email was deposited in the plaintiff's spam folder); Paniconi v. Abington Hosp.-Jefferson Health, --- F. Supp. 3d ----, 2022 WL 1634224, at *2 (E.D. Pa. May 24, 2022) (holding that receipt of EEOC email containing link to portal access triggers 90-day limitation

period). Thus, assuming Mason received the EEOC email, her limitations period under Title VII began to run on the date that she received it, even if she did not access the Right-to-Sue Letter through the portal.[2]

### B.    Date Mason Received the EEOC Email

The EEOC Email determines the beginning of the 90-day period only if Mason actually received it. With respect to right-to-sue letters that are sent through first class mail, there is "a presumption that, in the absence of evidence to the contrary, a notice provided by a government agency is deemed to have been placed in the mail on the date shown on the notice and received within a reasonable time thereafter," which is typically three to five days. Loubriel v. Fondo del Seguro del Estado, 694 F.3d 139, 143 (1st Cir. 2012). The presumption is rebuttable. Id. It is not yet clear in the First Circuit whether sworn denials of receipt alone are sufficient to rebut the presumption or whether more is required. Compare id. (refraining from deciding the issue) and Uwakwe v. Pelham Academy, 286 F. Supp. 3d 213, 220-21 (D. Mass. 2017) (collecting cases and deciding that a denial of receipt is insufficient to overcome the presumption of receipt).

---

[2] Mason has not offered any equitable reason to toll the 90-day period.

9

Whether a similar presumption of receipt applies to email correspondence is an open question in the First Circuit. Other courts have held that it does. See American Boat Co., Inc. v. Unknown Sunken Barge, 418 F.3d 910, 914 (8th Cir. 2005) (holding that a presumption of delivery applies to emails, but that the appellants should have been afforded an evidentiary hearing to rebut the presumption); Clearfield v. HCL America Inc., No. 17-CV-1933(JMF), 2017 WL 2600116, at *2 (S.D.N.Y. June 15, 2017) (applying to emails the presumption in NY law that a party has received documents when mailed to the party's address in accordance with regular office procedures); In re Leventhal, No. 10 B 12257, 2012 WL 1067568 (Bankr. N.D. Ill. Mar. 22, 2012) (applying equally to emails the concept that "a properly addressed item mailed to someone is presumed to have been received").

Even if the presumption does apply to email correspondence, the current record does not contain any email correspondence, only a reference to it. Without a copy of the email or a more developed record, the presumption can arise only if the court makes certain inferences. For instance, on the current record, the court would need to infer that the email was sent to Mason's correct email address and that it was actually sent on December 9, 2021, as described in the Second Letter. But the court must

make inferences at this stage in Mason's favor. See Medina-Velazquez v. Hernandez-Gregorat, 767 F.3d 103, 108 (1st Cir. 2014). This is especially true given her pro se status. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court cannot grant dismissal on this record. See Centro Medico del Turabo, Inc., 406 F.3d at 6 (explaining a court can grant a motion to dismiss on statute-of-limitations grounds only when the considered record "leave[s] no doubt that an asserted claim is time-barred" (quotation omitted)); cf. Lax, 20 F.4th at 1182-83 (affirming dismissal under Rule 12(b)(6) where plaintiff conceded he received the agency's email and read the body of the email on the date it was sent and the email itself was part of the record). Therefore, the defendants' motion to dismiss Mason's complaint as untimely is denied. The issue may be appropriate for resolution on a properly developed summary judgment record.

III. Employer's Knowledge of Pregnancy

The defendants also argue that Mason's complaint should be dismissed because it fails to allege that the School, Bremberg, or DeYoung "ever knew that Mason was pregnant during her at-will employment or at the time of her termination." Doc. no. 4 at 5. This argument ignores the pleading standard for Title VII cases

11

and the reasonable inferences the court must make in Mason's favor when considering a motion to dismiss under Rule 12(b)(6).

Mason was not required to plead facts in her complaint that would establish a prima facie case under Title VII nor was she required to "allege every fact necessary to win at trial." Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 24 (1st Cir. 2014) (quoting Rodríguez–Vives v. P.R. Firefighters Corps of P.R., 743 F.3d 278, 283 (1st Cir. 2014)). Rather, "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013).

Title VII prohibits an employer from taking an adverse employment action against an employee on the basis of pregnancy—a form of sex-based discrimination. 42 U.S.C. §§ 2000e-2(a)(1), 2000e(K). The prima facie elements of Mason's claim are that (1) she was pregnant at the relevant time; (2) her job performance was satisfactory; (3) she suffered an adverse employment action; (4) in favor of a similarly qualified individual. Martinez-Burgos v. Guayama Corp., 656 F.3d 7, 12 (1st Cir. 2011). These prima facie elements previously recognized by the First Circuit make no reference to the employer's knowledge of Mason's pregnancy.

In most discrimination cases, the plaintiff's membership in a particular protected class is obvious. Pregnancy, like religious affiliation, is different in that it can be evident or inconspicuous. When it is inconspicuous, as it would be for an early-term ectopic pregnancy, it seems inappropriate to apply the traditional burden-shifting framework of Title VII cases to presume unlawful discrimination without evidence that the employer knew that the plaintiff belonged to the protected class. See Geraci v. Moody-Tottrup, Intern., Inc., 82 F.3d 578, 581 (3rd Cir. 1996) (comparing pregnancy status to other non-obvious attributes such as religious affiliation and disability and requiring evidence of employer knowledge before applying burden shifting framework); see also Hunter v. United Parcel Serv., Inc., 697 F.3d 697, 703 (8th Cir. 2012) (requiring knowledge of transgender status); Morin v. E. Bearings, Inc., No. 20-cv-615-PB, 2020 WL 7406391, at *6 (D.N.H. Dec. 16, 2020) (requiring knowledge of specific race and national origin).

The First Circuit has reached this conclusion in the context of religious discrimination, imposing an additional requirement that the plaintiff allege that someone with decision-making authority had knowledge of the plaintiff's religious affiliation prior to the alleged adverse employment action. O'Connor v. Northshore Int'l Ins. Servs., 61 F. App'x

13

722, 724 (1st Cir. 2003) (per curiam). It is consistent to impose a similar requirement here. Thus, the court agrees with the defendants that Mason must allege that defendants knew that she was pregnant when they terminated her.

Some of the complaint's allegations merely offer legal conclusions couched as fact, and the court does not credit those allegations in resolving a motion to dismiss. See Ocasio-Hernández, 640 F.3d at 12. Assessing what allegations remain, Mason's complaint states that during her termination, Bremberg "pointed to [Mason's] doctor's letter," a letter issued as the result of "an emergency surgery [Mason] had for ectopic pregnancy" and said "'these 2 days [after your surgery] are unexcused absences.'" Doc. no. 1 at 3 (final alteration in original). Mason did not attach the doctor's letter to her complaint, nor did she detail its contents. Still, the court must be particularly generous in granting inferences in light of Mason's pro se status. See Haines, 404 U.S. at 520-21. It is reasonable to infer that the letter itself or the conversation surrounding it included information from which Bremberg could conclude that Mason's surgery was related to a pregnancy. Given the liberal construction afforded pro se pleadings and the inferences that the court can draw from the facts alleged, Mason has plausibly alleged that Bremberg knew Mason was pregnant.

14

Again, a properly developed summary-judgment record may lead to a different result.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (doc. no. 4) is granted to the extent it seeks dismissal of Bremberg and DeYoung from this action and is otherwise denied.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

November 7, 2022

cc:   Ashley Ann Mason, pro se
      Counsel of Record.

15