# United States Court of Appeals
## For the First Circuit

No. 11-1555

ADVILDA LOUBRIEL,

Plaintiff, Appellant,

v.

FONDO DEL SEGURO DEL ESTADO,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Justo Arenas, U.S. Magistrate Judge]

Before

Thompson, Selya and Lipez, Circuit Judges.

Aníbal Lugo-Miranda, with whom Lugo-Miranda Law Offices was on brief, for appellant.
Ivonne Cruz-Serrano, with whom Maymi Rivera & Rotger, P.S.C. was on brief, for appellee.

September 21, 2012

**SELYA**, **Circuit Judge**.  The issue in this case concerns a procedural requirement that must be satisfied in order to file suit under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12117.  Pursuant to this requirement, a claimant must exhaust administrative remedies and file her Title I suit within 90 days after receiving a right-to-sue notice from the Equal Employment Opportunity Commission (EEOC).  A failure to abide by the 90-day requirement renders the suit untimely.

The court below, citing this requirement, concluded that the plaintiff's Title I suit was brought too late.[1]  The plaintiff appeals.  Although our reasoning differs from that of the district court, we affirm.

We rehearse the facts in the light most favorable to the summary judgment loser (here, the plaintiff), consistent with record support.

In Puerto Rico, the State Insurance Fund (the Fund), formally known as Fondo del Seguro del Estado, is a public corporation that provides medical services to workers injured on the job.  P.R. Laws Ann. tit. 11, §§ 1b, 1b-1.  Plaintiff-appellant Advilda Loubriel, a physician, began working for the Fund in 1995.  Loubriel suffers from a degenerative arthritic condition that has

---

[1] In this case, the parties consented to proceed before a magistrate judge.  See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(a).  Maintaining an institutional perspective, we refer throughout to the rulings of the magistrate judge as those of the district court.

reduced her workload to part-time and has caused frequent absences from work.

In January of 2008, the plaintiff requested 45 days of "Advanced Non-Occupational Sick Leave." The Fund denied her request. After an unsuccessful attempt to appeal the denial internally, the plaintiff filed a complaint with the antidiscrimination unit of the Puerto Rico Department of Labor and Human Resources. In her complaint, she alleged that the denial of leave constituted unlawful discrimination and an unwarranted refusal to make a reasonable accommodation for her disability.

The local agency eventually referred the matter to the EEOC. See 29 C.F.R. § 1601.13(b)(2)(ii). On May 8, 2009, the EEOC, without resolving the merits of the claim, issued a right-to-sue notice and mailed copies of it to the plaintiff, her attorney, and the Fund. The notice clearly stated that the plaintiff's Title I action against her employer had to be filed within 90 days of receipt. See 42 U.S.C. § 2000e-5(f)(1). The plaintiff asserts that she did not receive her copy of the notice until September 10, 2009.[2]

---

[2] In her complaint, the plaintiff actually claims that she received her copy on September 10, 2008. The district court presumed that this was a typographical error, as the EEOC issued the letter on May 8, 2009. See Loubriel v. Fondo del Seguro del Estado, 772 F. Supp. 2d 367, 373 (D.P.R. 2011). We too give the plaintiff the benefit of the doubt and assume that she meant September 10, 2009.

-3-

The plaintiff sued the Fund in the federal district court on September 29, 2009 — 144 days after the EEOC sent the notice. In pertinent part, her complaint alleged that the denial of her request for an extended leave of absence violated her rights under Title I of the ADA. The Fund denied liability and, in due course, moved for summary judgment on the ground that the plaintiff had failed to file her Title I suit within the 90-day window.

The plaintiff opposed the motion but the district court granted it. See Loubriel v. Fondo del Seguro del Estado, 772 F. Supp. 2d 367, 377 (D.P.R. 2011). The court ruled that the plaintiff had furnished no evidence to establish timely filing. Id. at 373-74. This appeal followed.

Our standard of review is familiar. "We review orders granting or denying summary judgment de novo, considering the record and all reasonable inferences therefrom in the light most favorable to the non-moving part[y]." Estate of Hevia v. Portrio Corp., 602 F.3d 34, 40 (1st Cir. 2010). "We will affirm only if the record reveals 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Avery v. Hughes, 661 F.3d 690, 693 (1st Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

"This standard of review permits us to embrace or reject the rationale employed by the lower court and still uphold its

-4-

order for summary judgment.  In other words, we may affirm such an order on any ground revealed by the record."  Houlton Citizens' Coal. v. Town of Houlton, 175 F.3d 178, 184 (1st Cir. 1999).

Although the plaintiff's discrimination claim is brought under the ADA, it is nonetheless governed by the procedural requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 to -9.  See 42 U.S.C. § 12117(a) (making certain procedural requirements of Title VII applicable to ADA suits).  One of these requirements contemplates that, upon a claimant's exhaustion of administrative remedies, the EEOC will inform the claimant that she has 90 days within which to bring a civil action. Id. § 2000e-5(f)(1).  This notification is commonly termed a right-to-sue notice.  See id.  If the claimant does not bring suit within the prescribed 90-day period, the action is time-barred.  See id.; see also Chico-Vélez v. Roche Prods., Inc., 139 F.3d 56, 59 (1st Cir. 1998).

In the case at hand, the EEOC mailed the right-to-sue notice on May 8, 2009, yet the plaintiff did not file her suit until September 29 of that year.  To explain this delay, the plaintiff suggests that she did not receive the right-to-sue notice until September 10.  She argues that because the filing period does not begin to run until the notice is received, her suit is not time-barred.

-5-

The district court rejected this argument. It concluded that there is a presumption of timely receipt of a mailed notice and that the plaintiff did not furnish sufficient record evidence to rebut this presumption.

We are loath to accept the district court's conclusion. While the plaintiff did not directly state in her affidavit when she received the right-to-sue notice, she did mention in the unsworn statement of contested material facts that accompanied her opposition to summary judgment, see D.P.R.R. 56(c), that she received it "on or about September of 2009." Her affidavit attested generally, "to the best of my knowledge," that the facts set forth in the statement of contested material facts were true. This combination of oblique references may or may not be sufficient to create a genuine issue of material fact. Compare, e.g., Tiberio v. Allergy Asthma Immun. of Rochester, 664 F.3d 35, 37 (2d Cir. 2011) (stating that a claimant's sworn testimony would effectively rebut the initial presumption that the right-to-sue notice was received in a timely fashion), with, e.g., Fed. R. Civ. P. 56(e)(1) (requiring that an affidavit supporting or opposing summary judgment be based on "personal knowledge"). But, we need not decide this vexing issue; the plaintiff's claim fails for another reason.

It is undisputed that the right-to-sue notice was mailed simultaneously to the plaintiff and to her attorney, Aníbal Lugo-Miranda (Attorney Lugo), who represented the plaintiff then and now. In contemplation of law, notice to the attorney is notice to the claimant. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 92-93 (1990).

In Irwin, the Supreme Court held that receipt of an EEOC notification letter by a claimant's designated representative is sufficient to begin the running of the filing period. Id. Although Irwin involved a different genre of right-to-sue notice, its core holding applies with equal force here: "[E]ach party . . . is considered to have notice of all facts, notice of which can be charged upon the attorney." Id. at 92. Consequently, the plaintiff had constructive notice of the 90-day filing period through Attorney Lugo's receipt of the right-to-sue notice. See id.; cf. Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 48-49 (1st Cir. 2005) (stating that "constructive knowledge" is presumed "when an employee has retained an attorney . . . regardless of whether the plaintiff in fact is aware of his rights").

The fact that the summary judgment record contains no evidence concerning the actual date of Attorney Lugo's receipt of the right-to-sue notice does not help the plaintiff. The EEOC

right-to-sue notice itself indicates (and the plaintiff does not dispute) that the "date mailed" was May 8, 2009. There is a presumption that, in the absence of evidence to the contrary, a notice provided by a government agency is deemed to have been placed in the mail on the date shown on the notice and received within a reasonable time thereafter. See Me. Med. Ctr. v. United States, 675 F.3d 110, 114 (1st Cir. 2012); Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 526 (2d Cir. 1996).[3] Attorney Lugo, therefore, is presumed to have received the right-to-sue notice within a reasonable time after May 8.

The phrase "reasonable time" has some elasticity — but it also has limits. In this case, the EEOC sent the right-to-sue notice by first-class mail. Courts have held that, in the context of first-class mailings, a reasonable time may encompass anything from three to five days. See, e.g., Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999) (presuming that receipt is 3 days after mailing); Sherlock, 84 F.3d at 526 (same); Banks v.

_____

[3] Some courts, including the court below, have employed Rule 6(d) of the Federal Rules of Civil Procedure (formerly Rule 6(e)) to establish a presumption that a first-class mailing is received three days after dispatch. See, e.g., Smith-Haynie v. Dist. of Columbia, 155 F.3d 575, 578 n.3 (D.C. Cir. 1998); Sherlock, 84 F.3d at 526; Loubriel, 772 F. Supp. 2d at 373. Although we do not regard this as the correct approach — there is nothing in the text of the Rule that suggests it can be used to fix a starting date for measuring the passage of a period of time — the result here would be the same if Rule 6(d) applied.

-8-

Rockwell Int'l N. Am. Aircraft Oper'ns, 855 F.2d 324, 326 (6th Cir. 1988) (presuming that receipt occurs 5 days after mailing); see also Taylor v. Books A Million, Inc., 296 F.3d 376, 379-80 (5th Cir. 2002) (suggesting that courts have presumed receipt dates ranging from 3 to 7 days after mailing); Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 121 n.10 (1st Cir. 2009) (assuming in dictum that receipt occurred 3 days after the issue date). Even allowing for weekends and holidays, a reasonable time would have elapsed here by the middle of May. This would have been far earlier than 90 days before the date on which the plaintiff commenced her action.

That ends this aspect of the matter. Although a party moving for summary judgment must initially allege that no trialworthy dispute exists, the burden then shifts to the nonmovant to demonstrate, through materials of evidentiary quality, that a genuine issue of material fact remains open. See Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010); Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990). The plaintiff, as the nonmoving party, failed to carry that burden here: the presumption of Attorney Lugo's timely receipt of the right-to-sue notice no later than mid-May is unimpugned by any probative evidence in the record. Consequently, the plaintiff had

constructive notice of the 90-day filing requirement, yet her suit was commenced well after the expiration of that filing period.

In an effort to dodge this bullet, the plaintiff argues that the Fund committed a "continuing violation" sufficient to toll the 90-day filing period. Although this period is subject to equitable tolling, see Rice v. New England Coll., 676 F.2d 9, 10 (1st Cir. 1982), the plaintiff's argument is a non-sequitur.

The continuing violation doctrine "is an equitable exception that allows an employee to seek damages for otherwise time-barred allegations if they are deemed part of an ongoing series of discriminatory acts and there is some violation within the statute of limitations period that anchors the earlier claims." O'Rourke v. City of Providence, 235 F.3d 713, 730 (1st Cir. 2001) (internal quotation marks omitted); see Cordero-Suárez v. Rodríguez, ___ F.3d ___, ___ (1st Cir. 2012) [No. 11-1991, slip op. at 12]. The existence of a continuing violation may toll the limitations period for filing an initial claim with either the EEOC or a local antidiscrimination agency. See 42 U.S.C. § 2000e-5(e)(1). Such tolling is an equitable means of ensuring that meritorious discrimination claims are not pretermitted because the claimant needed to experience a pattern of repeated acts before she could be expected to realize that the individual acts were

discriminatory in nature.  See Thomas v. Eastman Kodak Co., 183 F.3d 38, 54 (1st Cir. 1999).

This purpose would not be served by extending the 90-day filing period (which follows the filing of an administrative claim with the EEOC or a local agency).  By the time that she receives a right-to-sue notice, a claimant is necessarily aware of the defendant's discriminatory conduct; she has by then already recognized the occurrence of discrimination and filed her administrative claim.  It follows inexorably that the existence of a continuing violation does not relax the requirement that a plaintiff file her judicial action within 90 days of the receipt of the EEOC's right-to-sue notice.[4]  See Wade v. Knoxville Utils. Bd., 259 F.3d 452, 461 (6th Cir. 2001); Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 962 (10th Cir. 1991).

At oral argument in this court, the plaintiff suggested that the existence of a continuing violation might be relevant to whether or not she could file a new discrimination claim with either the local agency or the EEOC.  Nothing in this opinion precludes the plaintiff from pursuing claims for alleged discrimination occurring subsequent to the events at issue.

---

[4] The district court rejected this argument on a different ground; it found that there was no competent proof of a continuing violation.  Loubriel, 772 F. Supp. 2d at 375.  We do not reach this issue.

-11-

We need go no further.  For the reasons elucidated above, we agree with the district court that this action is time-barred.

**<u>Affirmed</u>**.