# United States Court of Appeals
## For the First Circuit

No. 13-1475

GIOVANNI RIVERA-DÍAZ ET AL.,

Plaintiffs, Appellants,

v.

HUMANA INSURANCE OF PUERTO RICO, INC. ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

José Enrico Valenzuela-Alvarado, with whom Carmen I. Ballesté-Frank and Valenzuela-Alvarado, LLC were on brief, for appellants.
Carlos Concepción-Castro for appellee Caribbean Temporary Services.
Elizabeth Pérez-Lleras, with whom Carl Schuster and Schuster Aquiló LLP were on brief, for remaining appellees.

April 11, 2014

**SELYA, <u>Circuit Judge</u>.**   When federal rights-creating statutes are conditioned upon the prior exhaustion of administrative remedies, time limits are often an essential part of the regulatory scheme.   In this case, the plaintiff managed to trip over not one, but two, of these temporal benchmarks.   Accordingly, the district court dismissed his complaint.   After careful consideration, we affirm.

## I.  BACKGROUND

Inasmuch as this appeal follows the granting of a motion to dismiss, we draw the relevant facts from the plaintiff's complaint.   <u>See</u> <u>Jorge</u> v. <u>Rumsfeld</u>, 404 F.3d 556, 558-59 (1st Cir. 2005).   Although none of these facts has been tested in the crucible of trial, we assume their accuracy.   We draw additional facts from documentation incorporated by reference in the complaint.   <u>See</u> <u>id.</u> at 559.

In August of 2011, plaintiff-appellant Giovanni Rivera-Díaz, who had been recruited by defendant-appellee Caribbean Temporary Services (CTS), embarked on new employment with defendant-appellee Humana Health Plans of Puerto Rico, Inc. (Humana).   The plaintiff's odyssey at Humana would prove to be short-lived: his supervisor, defendant-appellee Solciré Cardona, orchestrated his ouster roughly six weeks later.   The plaintiff attributes this adverse employment action to disability

discrimination and retaliation, alleging that Cardona repeatedly mocked his diabetes and mental conditions.

According to the complaint, the means to Cardona's end was a rigged test. The plaintiff says that his non-disabled colleagues were given the answers to the test in advance, but he was not. This artifice ensured that the plaintiff would post a comparatively low score. When the test results predictably conformed to this devious design, Humana cashiered the plaintiff. The denouement occurred on September 16, 2011 (the day after the examination): the plaintiff was given his walking papers.

The next stop for the plaintiff was the Equal Employment Opportunity Commission (EEOC). There, less than two weeks after his firing, the plaintiff charged Humana with discriminating against him on account of his disability (the first charge). After six and one-half months, the EEOC notified the plaintiff that it was terminating its processing of his charge and that he had the right, during the next ninety days, to initiate a civil action based on the first charge. A copy of this letter (the first right-to-sue letter) was simultaneously sent to the plaintiff's attorney. It explicitly warned that a failure to file suit within ninety days would result in the loss of any right to bring a suit based on the first charge.

This warning went unrequited. Although the plaintiff filed a new administrative charge (the second charge) against

Humana some two months after the first right-to-sue letter issued, he did not sue. Consequently, the ninety-day period lapsed.

The second charge covered the same time frame as the first charge and reiterated the original claim of disability discrimination. Withal, it added a new twist: the second charge limned a claim for retaliation (a subject not mentioned in the first charge). The second charge requested the prompt issuance of a right-to-sue letter without further investigation. The EEOC obliged, transmitting such a notice (the second right-to-sue letter) within two months of the filing of the second charge.

Less than a month after the transmittal of the second right-to-sue letter — but over four months after the transmittal of the first right-to-sue letter — the plaintiff repaired to the federal district court. He sued Humana, Cardona, and CTS, asserting claims of discrimination and retaliation under the Americans with Disabilities Act of 1990 (ADA), see 42 U.S.C. §§ 12112(a), 12203(a), and supplemental claims under Puerto Rico law.[1]

The defendants moved to dismiss the complaint, arguing that both of the plaintiff's ADA claims flouted separate statutory time limits. The district court agreed. The discrimination claim,

---

[1] The plaintiff's wife and conjugal partnership joined him in bringing the suit. Since their rights are wholly derivative, we refer throughout to the plaintiff in the singular. Our decision is, of course, binding on all parties.

-4-

it held, should have been (but was not) brought within ninety days of the plaintiff's receipt of the first right-to-sue letter. See Rivera-Díaz v. Humana Health Plans of P.R., Inc., No. 12-1732, 2013 WL 496182, at *3 (D.P.R. Feb. 7, 2013). The retaliation claim suffered from a different infirmity: the second charge, on which it was premised, had been filed too late with the EEOC. See id. Accordingly, the court dismissed both federal claims with prejudice and, without a federal-law jurisdictional anchor, declined to exercise supplemental jurisdiction over the local-law claims. Id. at *4; see 28 U.S.C. § 1367(c)(3).

The plaintiff moved for reconsideration, beseeching the district court to apply equitable tolling to save his untimely claim. Relatedly, the plaintiff argued that his filing of the second charge with the EEOC within ninety days of his receipt of the first right-to-sue letter was the functional equivalent of an agency reconsideration of the first charge. The district court disagreed, explaining that the plaintiff should have presented these arguments in his opposition to the motion to dismiss, but had failed to do so. See Rivera-Díaz v. Humana Health Plans of P.R., Inc., No. 12-1732, 2013 WL 808634, at *1 (D.P.R. Mar. 5, 2013). This appeal followed.

## II. ANALYSIS

Because the plaintiff's principal assignments of error rest on the premise that his efforts to exhaust his administrative

remedies should be deemed timely, we begin with an overview of the exhaustion process.

Claims of employment discrimination and retaliation under the ADA are subject to the procedural requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 to -9. See 42 U.S.C. §§ 12117(a), 12203(c); Loubriel v. Fondo del Seguro del Estado, 694 F.3d 139, 142 (1st Cir. 2012). Under this procedural regime, litigation "is not a remedy of first resort" for either discrimination or retaliation cases. Jorge, 404 F.3d at 564 (internal quotation mark omitted). Rather, a would-be plaintiff must first exhaust his administrative remedies. This task embodies "two key components: the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency." Id.

The first component contemplates the filing of an administrative charge within either 180 or 300 days of the offending conduct, depending on the particular jurisdiction in which the charged conduct occurs. See Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 & n.4 (1st Cir. 1999). The shorter of the two periods is "the general rule." Mohasco Corp. v. Silver, 447 U.S. 807, 815 (1980); see 42 U.S.C. § 2000e-5(e)(1). The longer period is available only in so-called "deferral" jurisdictions, in which "a State or local agency [has] authority to

grant or seek relief from" the allegedly illegal practice.  42 U.S.C. § 2000e-5(e)(1); see Mohasco, 447 U.S. at 815-16.

With respect to most charges of discrimination, Puerto Rico is a deferral jurisdiction in which the longer filing period applies.  See Bonilla, 194 F.3d at 278 n.4.  But with respect to claims of retaliation, the Commonwealth's Department of Labor is empowered only to grant or seek relief for charges stemming from an opposition to sexual harassment.  See 29 C.F.R. § 1601.74.  This case has nothing to do with sexual harassment.  Consequently — as the parties agree — the 180-day window applies with respect to the plaintiff's retaliation claim.  See 42 U.S.C. § 2000e-5(e)(1).  An unexcused failure to meet this deadline forecloses recourse to the courts.  See Jorge, 404 F.3d at 564.

The second component is equally straightforward.  Upon receiving a right-to-sue letter, a putative plaintiff has ninety days to file suit.  See Loubriel, 694 F.3d at 142.  Failure to do so creates a temporal barrier to the prosecution of an ADA claim. See id.

With this primer in place, we turn to the dismissal of the first charge.  As the district court explained, the plaintiff received the first right-to-sue letter on April 17, 2012, but did not file suit until September 6, 2012.  This was well after the ninety-day period for filing suit had expired.

The plaintiff does not gainsay this time line but, rather, notes that the ninety-day filing period is not jurisdictional and is subject to equitable tolling. See Irwin v. Dep't of Vets. Affairs, 498 U.S. 89, 95 (1990). In his view, the suit-filing period should have been tolled until the issuance of the second right-to-sue letter.

For their part, the defendants initially characterize any tolling argument as waived because the plaintiff waited until his motion for reconsideration to proffer it to the district court. While it is true that matters that are raised for the first time in a motion for reconsideration are usually deemed waived, see, e.g., Dillon v. Select Portfolio Serv'g, 630 F.3d 75, 80 (1st Cir. 2011), everything depends on context. In this instance, we need not explore the context in exquisite detail as the plaintiff's contention plainly fails on the merits.

We review a district court's refusal to apply equitable tolling for abuse of discretion. See Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 119-20 (1st Cir. 2009). Generally, equitable tolling attaches only when "a claimant misses a filing deadline because of circumstances effectively beyond her control." Bonilla, 194 F.3d at 279. The doctrine is to be employed sparingly and should be reserved for exceptional cases. See id. at 278-79.

The court below did not abuse its discretion in holding that this case does not fit within those narrow confines. The plaintiff identifies no circumstances beyond his control that might have prevented him from filing suit in a timeous manner.

To be sure, the plaintiff makes much of case law addressing the EEOC's ability to reconsider and vacate right-to-sue letters. See, e.g., Brown v. Mead Corp., 646 F.2d 1163, 1166 & n.4 (6th Cir. 1981); Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 245-46 (5th Cir. 1980). But there is no indication in this case that the EEOC ever reconsidered, vacated, or otherwise impugned its first right-to-sue letter. By the same token, the agency never indicated to the plaintiff that it would do so.

The plaintiff also complains that he, a Spanish speaker, received right-to-sue letters written exclusively in English. But this argument is raised for the first time on appeal and is, therefore, forfeit. See, e.g., Demelo v. U.S. Bank Nat'l Ass'n, 727 F.3d 117, 123 (1st Cir. 2013); Clauson v. Smith, 823 F.2d 660, 666 (1st Cir. 1987).

In any event, the argument is without merit. It ignores the fact that the right-to-sue letters were simultaneously sent to the plaintiff's counsel, who professes no inability to comprehend English. As we have said, "notice to the attorney is notice to the claimant." Loubriel, 694 F.3d at 143.

Stripped of these flourishes, the plaintiff's tolling argument reduces to a bare plea to disregard a mandatory deadline based on his subjective belief that filing a second administrative charge within the ninety days allotted for suit would renew the suit-filing period. This plea is futile. It flies in the teeth of unambiguous precedent holding that if the proponent of a discrimination claim fails to sue within the specified ninety-day period, his claim expires and is not resuscitated by the filing of a second administrative charge. See, e.g., Brown v. Unified Sch. Dist. 501, 465 F.3d 1184, 1186 (10th Cir. 2006); Spears v. Mo. Dep't of Corr. & Human Res., 210 F.3d 850, 853 (8th Cir. 2000); Soso Liang Lo v. Pan Am. World Airways, Inc., 787 F.2d 827, 828 (2d Cir. 1986) (per curiam).

In the last analysis, the plaintiff's attempt to wrap himself in the mantle of equitable tolling comprises little more than a hope that we will overlook his miscalculation regarding the ADA's procedural requirements. But we cannot accommodate this forlorn hope: equitable tolling does "not extend to what is at best a garden variety claim of excusable neglect." Irwin, 498 U.S. at 96.

This brings us to the second charge, which constitutes the embodiment of the plaintiff's retaliation claim. In trying to salvage this claim, the plaintiff does not challenge the district court's conclusion that the second charge was lodged after the 180-

day deadline for filing such a charge with the EEOC.  Instead, he suggests that the second charge ought to relate back to the filing date of the first charge (a charge that was seasonably filed with the agency, but which did not mention retaliation).  See 29 C.F.R. § 1601.12(b) (stating that amendments that "cure technical defects or omissions" or "clarify and amplify allegations made" in an administrative charge "will relate back to the date the charge was first received").

We need not dwell on the substance of this suggestion because the suggestion comes too late.  "If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal." Teamsters Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992).  This principle blocks the plaintiff's path: he never brought to the district court's attention any argument that the second charge could be deemed timely because of its status as an amendment to the first charge.  Although the plaintiff argued for the timeliness of his claim in general terms and mentioned the word "amendment," he never advanced a coherent relation-back theory. His passing references were manifestly inadequate to preserve the point for appellate review.  See McCoy v. MIT, 950 F.2d 13, 22 (1st Cir. 1991) (explaining that claims which "are merely insinuated

-11-

rather than actually articulated in the trial court" are ordinarily deemed unpreserved).

Since the plaintiff's defense of his retaliation charge in the court below did not alert the court to any argument that the charge might avoid the time bar by relating back to the date of the first charge, such an argument is a dead letter here. There are no extraordinary circumstances presented that might justify such a failure and, thus, the consequences of the failure cannot be undone on appeal.

In an effort to pull a rabbit from an otherwise empty hat, the plaintiff insists that the district court abused its discretion when it declined to exercise supplemental jurisdiction over his local-law claims. This magic trick does not work.

In support of his position, the plaintiff heralds our decision in Redondo Construction Corp. v. Izquierdo, 662 F.3d 42 (1st Cir. 2011). Redondo is readily distinguishable. That was a long-running case, in which the district court, after completion of discovery and only four days before the scheduled trial date, granted summary judgment on the sole federal claim, yet refused to exercise supplemental jurisdiction over the remaining local-law claims. See id. at 47. We concluded that the litigation was so far advanced that the district court's unwillingness to see the matter through amounted to an abuse of discretion. See id. at 50 (explaining that "the age and advanced stage of the litigation" and

-12-

"the enormous expense Redondo would incur in redoing the discovery and trial preparation" made the discretionary refusal to exercise jurisdiction over the local-law claims "both wasteful and enormously harmful to Redondo").

The case at hand stands in an entirely different posture. It is before us after the district court's dismissal of the federal claims on an early-in-the-game motion to dismiss. The parties have invested no significant time in pretrial discovery, trial preparation, or the like.

The Supreme Court has made pellucid "that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). This is the usual case. Recognizing as much, the court below hewed to the Supreme Court's guidance. Consequently, its decision not to exercise supplemental jurisdiction over the plaintiff's local-law claims was well within the encincture of its discretion. See Rojas-Velázquez v. Figueroa-Sancha, 676 F.3d 206, 213 (1st Cir. 2012); Martinez v. Colon, 54 F.3d 980, 990-91 (1st Cir. 1995).

## III. CONCLUSION

We need go no further.[2]  For the reasons elucidated above, the judgment of the district court is

**Affirmed.**

---

[2] Cardona and CTS advance additional arguments for dismissal of the plaintiff's claims against them.  In light of what we already have said, however, it is unnecessary for us to consider these additional arguments.