# United States Court of Appeals
## For the First Circuit

No. 12-2439

ÁNGEL A. VÁZQUEZ-RIVERA,

Plaintiff, Appellant,

v.

MAGDA FIGUEROA; NANNETTE LÓPEZ-SILVA; DEPARTMENT OF JUSTICE;
UNITED STATES OF AMERICA; JOHN D. CUSHMAN;
GUNNAR G.F. PEDERSEN; JOSÉ L. ORTEGA; U.S. ARMY;
CONJUGAL PARTNERSHIP ORTEGA-LÓPEZ,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Selya, Circuit Judges.

Carlos R. Rodríguez-García, with whom Rodríguez-García,
P.S.C., was on brief for appellant.
Ginette L. Milanés, with whom Rosa Emilia Rodríguez-Vélez,
United States Attorney, Nelson Pérez-Sosa, Assistant United States
Attorney, Chief, Appellate Division, and Juan Carlos Reyes-Ramos,
Assistant United States Attorney, were on brief for appellee.

July 15, 2014

**TORRUELLA**, **Circuit Judge**.    Plaintiff-Appellant Ángel Vázquez-Rivera ("Vázquez") filed a complaint alleging that his employer, the U.S. Army, discriminated against him on account of his disability, created a hostile work environment, and retaliated against him, all in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (the "Rehabilitation Act").    The district court found that Vázquez was required to exhaust his administrative remedies before he could initiate a civil suit, and as Vázquez had not timely filed his administrative claim, the district court dismissed the complaint.    Vázquez now argues that the district court erred in finding that his administrative complaint was untimely and, alternatively, that the court erred in finding that he was not entitled to equitable tolling.    As both of Vázquez's claims are without merit, we affirm.

## I. Background

Vázquez, an Operations Specialist in the U.S. Army, contacted an Equal Employment Opportunity ("EEO") counselor on May 12, 2010.    Citing a number of incidents that occurred between October 2009 and January 2010, Vázquez alleged that his direct supervisor harassed and discriminated against him on the basis of an unspecified disability.    On July 9, 2010, Vázquez received from the Army a hand-delivered notice of right to file a formal complaint ("NORF").    The NORF informed Vázquez in bold, underlined

text of his right to file a discrimination complaint within fifteen calendar days of his receipt of the NORF.

Vázquez's fifteen days elapsed on Saturday, July 24, 2010. His fifteen-day filing window was thus automatically extended to the next business day: Monday, July 26, 2010. See 29 C.F.R. § 1614.604(d). Vázquez, however, did not file his complaint until Tuesday, July 27, 2010. The Army cited Vázquez's failure to file within fifteen days and dismissed the complaint as untimely pursuant to 29 C.F.R. § 1614.107(a)(2). The Equal Employment Opportunity Commission ("EEOC") agreed, and on February 2, 2011, it affirmed the dismissal for untimely filing.

On April 15, 2011, Vázquez initiated the present suit by filing a complaint with the district court. The complaint asserted eight causes of action arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Puerto Rico law, the Puerto Rico Constitution, and the U.S. Constitution. He also identified numerous defendants, including, as is pertinent here, the U.S. Army as represented by the Secretary of the Army, John McHugh, in his official capacity.

The defendants filed a motion to dismiss the complaint on November 4, 2011, arguing that the district court lacked in personam jurisdiction due to improper service and that Vázquez failed to state a claim because he had failed to exhaust his

-3-

administrative remedies.  Vázquez voluntarily withdrew his claims against all defendants except the Secretary of the Army, and on June 26, 2012, the district court dismissed Vázquez's claims under the ADEA, Puerto Rico law, and the constitutions of Puerto Rico and the United States.  This left only Vázquez's claims of discrimination, hostile work environment, and retaliation under the ADA.  The district court construed these remaining claims as claims brought pursuant to the Rehabilitation Act, which covers federal employees, rather than the ADA, which does not.

After considering additional argument, the district court issued a second opinion on October 12, 2012, ordering that Vázquez's Rehabilitation Act claims be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The court found that Vázquez had failed to exhaust his administrative remedies and did not qualify for equitable tolling.  This timely appeal followed.

## II. Discussion

At issue in this appeal are Vázquez's Rehabilitation Act claims against the Army.  Although his notice of appeal signaled his intent to challenge both orders of the district court and the dismissal of all claims, his brief argues only that the district court erroneously dismissed his Rehabilitation Act claims.  We therefore limit our review to the district court's dismissal of Vázquez's Rehabilitation Act claims, deeming any argument as to

Vázquez's other claims waived. See United States v. Dávila-Félix, 667 F.3d 47, 51 n.5 (1st Cir. 2011) (reiterating that arguments not made in a party's opening brief are deemed waived).[1]

Before we consider Vázquez's arguments on their merits, however, we pause to review the applicable regulations concerning a federal employee's claims under the Rehabilitation Act. The Rehabilitation Act forbids discrimination on the basis of disability against otherwise qualified individuals working for an executive agency or a program receiving federal funds. See 29 U.S.C. §§ 791, 794. To enforce this prohibition, the Rehabilitation Act provides for administrative and judicial recourse for federal employees who filed a complaint of disability-based employment discrimination and were aggrieved by either the final disposition of their complaint or the failure to take final action. Id. § 794a(a).

Rather than establish its own procedures for claims of discrimination brought under section 791, the Rehabilitation Act

---

[1] Vázquez's brief concludes with a request for reversal of the dismissal of his Rehabilitation Act claims "and pendent state claims." Nowhere in his brief, however, does Vázquez offer any explanation as to how he believes the district court erred in dismissing his state law claims on sovereign immunity grounds. Thus, to the extent that Vázquez may have intended to challenge the district court's ruling as to his state law claims, any such challenge is deemed waived by the total absence of argument. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

expressly incorporates the procedures set forth in sections 717 and 706(f)-(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Id. And while section 717 of Title VII does not itself establish applicable procedures or time limits for filing an administrative complaint, it does authorize the EEOC to issue rules and regulations to that end. See 42 U.S.C. § 2000e-16(b). The EEOC, in turn, has issued 29 C.F.R. § 1614.106(b), which provides that an administrative complaint of discrimination "must be filed within 15 days of receipt" of a NORF. EEOC regulations further provide that "the agency shall dismiss an entire complaint" if it "fails to comply with applicable time limits," including the fifteen-day window established by § 1614.106. 29 C.F.R. § 1614.107.

Moving from the administrative realm to the judicial, section 717(c) of Title VII authorizes an aggrieved employee to file a civil action against the head of the department or agency that discriminated against him within ninety days of receipt of notice of final action on his complaint. 42 U.S.C. § 2000e-16(c). As a prerequisite, however, "a federal employee must first have exhausted the administrative remedies provided." Roman-Martinez v. Runyon, 100 F.3d 213, 216 (1st Cir. 1996) (citing Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976)).[2] This exhaustion

---

[2] In the interest of completeness, we note that the Rehabilitation Act provides that claims brought under section 794 -- unlike those brought under section 791 -- are governed by the procedural

requirement is no small matter; it "is a condition to the waiver of sovereign immunity" and thus "must be strictly construed."  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94 (1990).  Exhaustion in the Title VII context "has two key components: the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency."  Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005).

---

requirements of Title VI of the Civil Rights Act of 1964.  29 U.S.C. § 794a(a)(2).  In theory, then, an individual who brings a claim under section 794 rather than section 791 could avoid Title VII's administrative exhaustion requirement.

Although this court has declined to decide the subject directly, we have noted that our sister circuits have uniformly held that a federal employee wishing to bring suit under the Rehabilitation Act must first exhaust administrative remedies. Bartlett v. Dep't of the Treasury (I.R.S.), 749 F.3d 1, 8 (1st Cir. 2014) (observing that "in at least one case, we have suggested the same," but declining to decide whether a federal employee suing under section 794 must exhaust administrative remedies).  We have found it prudent to avoid resolving the matter in cases where it was not required, as when a plaintiff bringing suit under section 794 "never asserted that she was exempt from the exhaustion requirement."  Id. at 9 ("At the very least, by failing to raise the issue in the district court, she has forfeited any argument that exhaustion of remedies under the Rehabilitation Act was not required in this case.").

Prudence once again counsels against the resolution of the exhaustion question in this case.  Although it is unclear whether Vázquez alleged a violation of section 791 or 794, we need not attend to the matter because he has waived any argument that administrative exhaustion was not required by failing to raise it before the district court or on appeal.  See id. (declining to decide whether plaintiff was required to exhaust administrative remedies where the issue was not raised in the district court or on appeal); Farris v. Shinseki, 660 F.3d 557, 562 n.5 (1st Cir. 2011) (same).  We thus proceed -- in keeping with Vázquez's own assertions -- under the assumption that Title VII's procedures apply and that administrative exhaustion was required.

With this legal landscape in mind, we now turn to consider Vázquez's argument that his complaint should not have been dismissed for failure to exhaust administrative remedies. Challenging the district court's finding that his administrative complaint was untimely filed, Vázquez claims that he timely filed his complaint or, alternatively, that the district court erred by finding that he was not entitled to equitable tolling.

Although we review the district court's dismissal of Vázquez's complaint de novo, Ramos-Piñero v. Puerto Rico, 453 F.3d 48, 51 (1st Cir. 2006), we review the court's denial of equitable tolling for abuse of discretion, Farris v. Shinseki, 660 F.3d 557, 562 (1st Cir. 2011).

## A. Timely Filing

Vázquez's first argument is that the district court erred in finding that he failed to file his administrative complaint within the allotted time period. He does not dispute the fact that he received the NORF on July 9, 2010, or that he filed his complaint on July 27, 2010. Neither does he contest the fact that the fifteen-day period beginning on July 9 elapsed on July 26, 2010. Rather, Vázquez argues that, in accordance with the Federal Rules of Civil Procedure, he ought to have received a three-day extension of the fifteen-day filing deadline, thereby making his filing on July 27 timely. He specifically relies on Rule 6(d), which provides that "[w]hen a party may or must act within a

-8-

specified time after service," and when service is effected by mail or other specified means, "3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Because he received the NORF by mail, Vázquez reasons, Rule 6(d) should have provided him with an additional three days to file his complaint, thereby making his filing timely.

Whatever the creative value of Vázquez's three-day extension argument, it is sorely lacking in merit. As an initial matter, Vázquez failed to make any argument to the district court about the possibility of Rule 6(d) extending the fifteen-day period. Accordingly, the argument is waived and we will not entertain it on appeal. See Anderson v. Hannaford Bros. Co., 659 F.3d 151, 158 n.5 (1st Cir. 2011) (holding that an argument not made first to the district court is waived).

But even if the argument could be considered on its merits, Vázquez would fare no better. He offers not an iota of support for his belief that the Federal Rules of Civil Procedure -- rules that govern civil suits in federal courts -- extend to non-judicial proceedings governed by administrative regulations. Moreover, Vázquez conceded at oral argument that he had confused the facts, that his brief was incorrect, and that he received the NORF via hand-delivery and not via mail. Thus, even if the argument had not been waived, and even if the Federal Rules of Civil Procedure did apply, Vázquez would not have qualified for the

three-day extension afforded by Rule 6(d) for filings served via mail.

The district court thus correctly found that Vázquez's administrative filing on July 27 fell outside the fifteen-day period and was untimely under 29 C.F.R. § 1614.106(b).

## B. Equitable Tolling

Having disposed of Vázquez's timeliness argument, we are left only with his claim that the district court erred by finding that equitable tolling was not warranted.[3] The crux of Vázquez's claim is that his delay of one day ought to have been excused in light of his mental illness or impairment, particularly considering that he abided by all other administrative requirements and that a one-day delay did not prejudice his opponent.

---

[3] In the midst of his equitable tolling argument, Vázquez asserts that the Army never provided him with notice "that he could, under the Code of Federal Regulations, seek and request a brief extension of time to file his Formal Administrative Complaint, thus breaching Plaintiff's constitutional due process clause [rights]." He then cites 29 C.F.R. § 1614.107(2), which states that failure to comply with the applicable time limits will result in a complaint's dismissal unless the agency extends the time limit under § 1614.604(c), which in turn provides that time limits "are subject to waiver, estoppel and equitable tolling." Missing from Vázquez's brief is any support for the notion that he had a right to request an extension under the Code of Federal Regulations -- a deficiency that his citation of the inapposite 29 C.F.R. § 1614.107(2) does nothing to remedy. As Vázquez has failed to demonstrate the existence of a right to an extension by request, we cannot see how the Army's failure to notify Vázquez of such a right could implicate his due process rights under the U.S. Constitution. Vázquez's three sentences on the subject do nothing to shed light on the claim, which we deem waived for lack of development. See Zannino, 895 F.2d at 17.

Vázquez correctly notes that the fifteen-day filing limit is, in certain circumstances, "subject to waiver, estoppel and equitable tolling." 29 C.F.R. § 1614.604(c); see also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). In addition, this court has expressly held that equitable tolling may be appropriate when mental illness prevents an individual from timely pursuing a Rehabilitation Act claim. See Nunnally v. MacCausland, 996 F.2d 1, 5 (1st Cir. 1993).

However, the fact that mental illness could, under certain circumstances, support equitable tolling does not mean that Vázquez was automatically entitled to the same. As this court explained in Meléndez-Arroyo v. Cutler-Hammer de P.R. Co., 273 F.3d 30 (1st Cir. 2001), equitable tolling is "available in principle but only if the plaintiff show[s] that the mental disability was so severe that the plaintiff was unable to engage in rational thought and deliberate decision making sufficient to pursue [his] claim alone or through counsel." Id. at 37 (internal quotation marks, alteration, and citation omitted). The "heavy burden" of establishing entitlement to equitable tolling rests on the plaintiff. Farris, 660 F.3d at 563.

-11-

In this case, the district court determined that Vázquez had not met his burden of showing entitlement to equitable relief. We agree. Vázquez's mental impairment argument on appeal consists of the following assertions: (1) Vázquez has or had an unspecified mental illness or impairment; (2) during the fifteen-day filing period, he was under the care of a psychiatrist; and (3) he was prescribed drugs that affected his ability to focus on deadlines. Critically, Vázquez never so much as alleges that he was unable to engage in rational thought and deliberate decisionmaking sufficient to allow him to pursue his claims.

Neither can we piece together such a claim on the basis of information in the record. The evidence of illness that Vázquez did provide -- copies of prescriptions -- tells us that he was prescribed anti-anxiety medication and anti-depressants at various points in 2010. It tells us nothing about his diagnosis, the effects of those medications, or Vázquez's capacity for thought and decisionmaking during the pertinent fifteen-day period. Vázquez offers no affidavits to fill this void, nor does he provide any other evidence that could substantiate a claim of mental incapacity during the fifteen-day filing period. Although Vázquez did provide a letter from a psychiatrist, the letter was unsworn and, moreover, was dated March 25, 2011. Thus, the letter's suggestion that he may have major depression is of little assistance in determining the nature of Vázquez's mental state back in July 2010.

-12-

Even if we were to credit the unsworn, untimely letter, such evidence would be insufficient to establish entitlement to equitable relief. "It is clear that merely to establish a diagnosis such as severe depression is not enough" to demonstrate entitlement to equitable tolling. Meléndez-Arroyo, 273 F.3d at 38; see also Bartlett v. Dep't of the Treasury (I.R.S.), 749 F.3d 1, 14 (1st Cir. 2014) ("She maintains only that she was experiencing a severe mental illness, but, under our case law, establishing a diagnosis such as severe depression is not enough." (internal quotation marks, alteration, and citations omitted)). In this case, Vázquez failed to establish that he was even suffering from depression during the pertinent period of time. Vázquez's case is thus a far cry from Meléndez-Arroyo, where the appellant had established a contemporaneous diagnosis and offered affidavits showing that her mental impairment prevented her from managing even basic functions like living alone, dressing, and brushing her teeth. See 273 F.3d at 38. Vázquez's position is more aptly compared to that of the appellant in Bartlett, who, like Vázquez, "never averred, nor [did] any of her evidence point to the conclusion, that her depression deprived her of the ability to engage in rational thought or deliberate decision making." 749 F.3d at 14. There, as here, an appellant's claims of severe mental illness, unaccompanied by so much as the suggestion that the illness rendered the appellant unable to understand or act on his

legal rights, was not enough to establish entitlement to equitable tolling.[4]

The district court acted well within its discretion when it denied Vázquez's request for equitable tolling on the insufficiently supported basis of mental illness.[5]

## III. **Conclusion**

For the forgoing reasons, we affirm the district court's dismissal of Vázquez's claims.

---

[4] Although we have previously recognized the "absence of prejudice to the defendant" as a relevant factor in our equitable tolling analysis, we have also explained that it is "not an independent basis for tolling." Farris, 660 F.3d at 564 (internal quotation marks and citation omitted). The absence of prejudice is thus not sufficient to warrant equitable relief where Vázquez has failed to establish a basis for equitable tolling on other grounds. That being the case, no further discussion of this claim is warranted.

[5] As a final matter, we must dispose of Vázquez's poorly briefed assertion that his claims are "saved by the serial violation branch of the continued violation doctrine." He offers no explanation as to how the doctrine might work to extend the filing period here, and we can imagine none. The continuing violation doctrine is an equitable doctrine that can work to extend the limitations period to file a claim of discrimination where the discrimination is ongoing and filing is delayed "because the claimant needed to experience a pattern of repeated acts before she could be expected to realize that the individual acts were discriminatory in nature." Loubriel v. Fondo del Seguro del Estado, 694 F.3d 139, 144 (1st Cir. 2012). We have previously explained that the doctrine "relates to statutes of limitations and has no bearing on relief from Title VII's exhaustion requirements." Jorge, 404 F.3d at 565 n.7. Certainly, the doctrine has no applicability to Vázquez's situation, where he filed an informal complaint of disability discrimination with an EEO counselor on May 12, 2010, and received a NORF on July 9, 2010. By that date, he undoubtedly was aware of the purportedly discriminatory conduct and had recognized it as such, as documented by the EEO counselor's report, which details Vázquez's allegations of harassment and discrimination.

**AFFIRMED**.