GARCIA-GREGORY, D.J.
A group of five (5) low-level public employees ("Plaintiffs")-all of them Popular Democratic Party ("PDP") affiliates-at the Office of the Puerto Rico Capitol *210 Building Superintendent (the "OSC") were terminated shortly after the 2016 elections when the rival New Progressive Party ("NPP") re-gained control of the Commonwealth's governorship and legislature. Docket No. 1 at 2-3. At the time, Plaintiffs received a letter dismissing them immediately without warning or cause and describing their respective positions "as one of trust ... that could be terminated at will." Id. at 42. Plaintiffs had never been reprimanded due to their performance; nor were they ever responsible for formulating public policy. Id. at 4-8.
On February 12, 2018, Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 alleging political discrimination and deprivation of their property rights without due process of law, in violation of the First and Fourteenth Amendments to the U.S. Constitution, as well as Article II, § 7 of the Puerto Rico Constitution and Article 1802 of the Puerto Rico Civil Code. Id. at 77-79. Plaintiffs aver that the terminations were motivated by their PDP-affiliation and failed to provide adequate procedures to safeguard their property interests in continued employment. Id.
According to the Complaint, the incoming NPP officials in charge of the OSC's operations formed a "Transition Committee" following the 2016 elections to identify and terminate those employees affiliated with the outgoing PDP. Id. at 41-50. Some of the vacant positions were later given to fellow NPP members-presumably to go along with the new employee uniforms and identification cards bearing the party's colors. Id. at 32, 41-50.
Plaintiffs attribute these alleged acts to NPP officials Thomas Rivera-Schatz, the President of the Puerto Rico Senate; Carlos "Johnny" Méndez, the Speaker of the Puerto Rico House of Representatives; Gabriel Hernández-Rodríguez, Rivera-Schatz's Chief of Staff; Wilfredo Ramos-García, the OSC's Superintendent; Pablo Sastre-Fernández, the OSC's Auxiliary Superintendent in charge of Operations; Angel Redondo-Santana, the OSC's Auxiliary Superintendent in charge of Administration; and José Figueroa-Torres, the OSC's Human Resources Director (collectively "Defendants"). Id. at 1. These NPP officials have now moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), arguing (1) that the Eleventh Amendment immunity bars Plaintiffs claims for money damages against all Defendants in their official capacity; (2) that there are no factual allegations showing Redondo-Santana, Figueroa-Torres, and Sastre-Fernández's involvement with the alleged unlawful conduct; and (3) that Plaintiffs failed to state an actionable procedural due process claim. See Docket Nos. 11; 17. The Court addresses each argument in turn.
I. Eleventh Amendment Immunity
Defendants first argue that the Eleventh Amendment bars Plaintiffs' claims against them in their official capacity insofar as they request monetary relief. See Docket No. 11 at 20-21; see also Nieves-Márquez v. Puerto Rico , 353 F.3d 108, 123 (1st Cir. 2003) ("[S]tate officers do not have Eleventh Amendment immunity from claims for prospective injunctive relief."). Plaintiffs concur and further clarify that this immunity does not extend to the same claims asserted against Defendants in their personal capacity. See Docket No. 18 at 17-18; see also Kentucky v. Graham , 473 U.S. 159, 167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (holding that a citizen may seek money damages against a state officer for acts done under color of law only if the officer is sued in his or her individual capacity).
The Court agrees. Accordingly, Plaintiffs' claims for monetary relief against Defendants in their official capacity are *211 hereby DISMISSED WITH PREJUDICE under the Eleventh Amendment. Conversely, Plaintiffs' claims against Defendants (i) in their official capacity for injunctive relief (e.g. , reinstatement); and (ii) in their personal capacity for money damages survive since they are not afforded such immunity.
II. The First Amendment Claim-Political Discrimination
Defendants do not contest that a (some) member(s) of the NPP terminated Plaintiffs for their PDP affiliation, in violation of the First Amendment and presumably while acting under color of law.[1] Instead, they argue that Plaintiffs' political discrimination claim against Redondo-Santana, Figueroa-Torres, and Sastre-Fernández should be dismissed because the Complaint fails to establish they are "plausible" defendants for purposes Section 1983. Docket No. 11 at 6-11; see also Peñalbert-Rosa v. Fortuño-Burset , 631 F.3d 592, 594-95 (1st Cir. 2011) ("[A]n adequate [ Section 1983 ] complaint must include not only a plausible claim but also a plausible defendant."). To this effect, Defendants highlight the lack of specific factual allegations suggesting that these three officials were involved in the decision to terminate Plaintiffs' employment, "much less show[ing] that [they] had decision-making authority regarding the hiring and firing of personnel [at] the OSC." Docket No. 11 at 6-8. The Court agrees, except as to Sastre-Fernández.
For co-Defendants Redondo-Santana and Figueroa-Torres, the Court concurs that Plaintiffs do not offer enough factual averments linking their conduct to the alleged constitutional deprivation. See Ocasio-Hernández v. Fortuño-Burset , 640 F.3d 1, 16 (1st Cir. 2011) ("[E]ach defendant's role in the termination decision must be sufficiently alleged to make him or her a plausible defendant."). To be sure, the Complaint does reference "particular actions taken by Defendants, either individually or as a group, against [P]laintiffs." Docket No. 18 at 7. But these generic statements concerning Defendants' collective conduct still leave the Court guessing as to Redondo-Santana and Figueroa-Torres' roles in the alleged adverse employment actions. See Soto-Torres v. Fraticelli , 654 F.3d 153, 159 (1st Cir. 2011) (finding statement that a defendant "participated in or directed the constitutional violation" to be insufficient for Fed. R. Civ. P. 12(b)(6) purposes because it "provide[s] no facts to support either that he participated in or directed" the alleged violations); see also Peñalbert-Rosa , 631 F.3d at 595-97 ("Specific information, even if not in the form of admissible evidence, would likely be enough at this stage; pure speculation is not."). And although Plaintiffs do describe Redondo-Santana and Figueroa-Torres' duties and functions within the OSC, Section 1983 "liability cannot rest solely on [these co-Defendants'] position[s] of authority" within that office. Ocasio-Hernández , 640 F.3d at 16. For these reasons, the Court GRANTS Defendants' Motion to *212 Dismiss Plaintiffs' First Amendment claim against Redondo-Santana and Figueroa-Torres.
As to co-Defendant Sastre-Fernández, on the other hand, the Complaint does contain sufficient well-pleaded factual allegations describing his involvement in-and familiarity with-Plaintiffs' termination following the 2016 elections. According to the Complaint, Sastre-Fernández serves as the Auxiliary Superintendent in charge of operations at the OSC. Docket No. 1 at 13. In that capacity, Plaintiffs allege he was "actively involved in the transition process" that culminated with their discharge. Id. at 14. Indeed, the Complaint charges that Sastre-Fernández, together with the Transition Committee, compiled information on the political affiliations of OSC's staff and contractors. Id. at 22-23, 25, 66. These allegations, while certainly not "smoking gun" evidence of political discrimination, plausibly show that Sastre-Fernández shared some responsibility in Plaintiffs' termination and, therefore, "raise a reasonable expectation that discovery will reveal evidence of [his] illegal conduct." Ocasio-Hernández , 640 F.3d at 16-17 (holding that "[c]ircumstantial evidence must, at times, suffice" to satisfy Fed. R. Civ. P. 12(b)(6)'s plausibility requirement) (internal citations and quotation marks omitted). Defendants' Motion to Dismiss Plaintiffs' First Amendment claim against Sastre-Fernández is duly DENIED .
For the reasons stated above, the Court also DISMISSES WITHOUT PREJUDICE Plaintiffs' First Amendment claim against Redondo-Santana and Figueroa-Torres. This cause of action survives as to the remaining officials, i.e. , (1) Rivera-Schatz; (2) Méndez; (3) Hernández-Rodríguez; (4) Ramos-García; and (5) Sastre-Fernández.
III. The Fourteenth Amendment Claim-Procedural Due Process
Next, Defendants argue that the Complaint does not plausibly plead a procedural due process claim under the Fourteenth Amendment because Plaintiffs held temporary, at-will positions and, as such, had no property interest in their continued employment with the OSC. See Docket Nos. 11 at 11; 11-1 at 10; 22 at 2; see also Maymi v. P.R. Ports Auth. , 515 F.3d 20, 29 (1st Cir. 2008) (holding that a plaintiff plausibly pleads a procedural due process violation by showing (i) that she is a public employee with a property interest in her continued employment; and (ii) that the defendant deprived her of this property interest without due process). The Court agrees.
"A constitutionally protected property interest in continued public employment typically arises when the employee has a reasonable expectation that [his or] her employment will continue." Gómez v. Rivera Rodríguez , 344 F.3d 103, 110-11 (1st Cir. 2003). Hence, at-will employees will ordinarily lack such reasonable expectation and, therefore, have no property interest in their job. Id. (citing King v. Town of Hanover , 116 F.3d 965, 969 (1st Cir. 1997) ). Indeed, "this is true of so-called transitory public employees in Puerto Rico"-they " 'generally do not have a property interest in continued employment beyond their yearly terms of appointment.' " Id. (citing Nieves-Villanueva v. Soto-Rivera , 133 F.3d 92, 94 (1st Cir. 1997) ). But Plaintiffs fail to provide any information as to when their temporary positions expired, or what procedural safeguards accompany their transient, "at-will" status. For these reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Fourteenth Amendment claim and, thus, DISMISSES WITHOUT
*213 PREJUDICE this cause of action as to all Defendants.
IV. The Supplemental State Law Claims
Finally, Defendants request dismissal of Plaintiffs' supplemental state law claims under Article II, § 7 of the Puerto Rico Constitution and Article 1802 of the Puerto Rico Civil Code, albeit for different reasons. Docket No. 11 at 17-19. Regarding the constitutional charge, Defendants correctly advert that it tracks Plaintiffs' procedural due process claim under the Fourteenth Amendment. Docket No. 11 at 17-18; see also Examining Bd. of Eng'rs, Architects and Surveyors v. Flores de Otero , 426 U.S. 572, 600, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1976) ("[T]he Federal and Puerto Rico Constitutions contain analogous provisions protecting an individual's right to Due Process of Law."). Since the Court has granted Defendants' Motion to Dismiss the Fourteenth Amendment claim, it also DISMISSES WITHOUT PREJUDICE Plaintiffs' cause of action under Article II, § 7 of the Puerto Rico Constitution. See Arroyo v. Admin. de Corr. , No. 09-CV-1101, 2010 WL 1006925, at *4, n.1 (D.P.R. Mar. 15, 2010) ("Because plaintiff has failed to state a [procedural] due process claim, neither the Fifth or Fourteenth Amendments to the Federal Constitution nor [A]rticle II, [§] 7 of the Puerto Rico Constitution protect him in this case.").
For the Article 1802 causes of action, Defendants ask that the Court refrain from exercising supplemental jurisdiction over this state law claim as to Redondo-Santana, Figueroa-Torres, and Sastre-Fernández. Docket No. 11 at 18. They also realize that this argument would only work if the Court dismisses all the federal claims asserted in the Complaint against these three officials. See Docket No. 11 at 18; see also Rivera-Díaz v. Humana Ins. of P.R., Inc. , 748 F.3d 387, 392 (holding "that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.") (internal citations and quotation marks omitted). This is obviously not the case now that Plaintiffs have plausibly pleaded a First Amendment claim against Sastre-Fernández. As a result, Defendants' Motion to Dismiss the Article 1802 claim is GRANTED as to Redondo-Santana and Figueroa-Torres; and DENIED as to Sastre-Fernández.
IT IS SO ORDERED.

To be precise, Defendants do not proffer any arguments on whether the Complaint adequately alleged a claim that Rivera-Schatz, Méndez, Hernández-Rodríguez, and Ramos-García terminated Plaintiffs because of their political affiliation. For this lot, the Court assumes (without holding) that the Complaint has plausibly pleaded a First Amendment claim for political discrimination by showing (i) that the persons involved are members of opposing political parties; (ii) that these six (6) officials knew of Plaintiffs' political affiliation; (iii) that Plaintiffs were terminated following the 2016 elections; and (iv) that Plaintiffs' membership in the PDP was a substantial or motivating factor behind their discharge. See Grajales v. P.R. Ports Auth. , 682 F.3d 40, 46-47 (1st Cir. 2012) (listing elements of claim).