# United States Court of Appeals
## For the First Circuit

No. 14-2057

RAQUEL DEL VALLE-SANTANA,

Plaintiff, Appellant,

v.

SERVICIOS LEGALES DE PUERTO RICO, INC.,
CHARLES S. HEY-MAESTRE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Lynch, Thompson, and Kayatta,
Circuit Judges.

José R. Olmo-Rodríguez on brief for appellant.
Guillermo Ramos-Luiña on brief for appellees.

October 20, 2015

**THOMPSON**, **Circuit Judge**.  Plaintiff-Appellant Raquel Del Valle-Santana ("Del Valle-Santana") claims her employer Servicios Legales de Puerto Rico, Inc. ("SLPR") wrongfully terminated her on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.  The district judge entered summary judgment in favor of the employer.  Coming to the same conclusion after our de novo review, we affirm.

## BACKGROUND

As required when reviewing an order granting summary judgment, we outline the facts in the light most favorable to the non-movant, in this case Del Valle-Santana.  See Penn-Am. Ins. Co. v. Lavigne, 617 F.3d 82, 84 (1st Cir. 2010).

On January 12, 2012, Del Valle-Santana was fired from SLPR, a non-profit legal services organization, where she had worked for nearly 28 years.  Del Valle-Santana began her career at SLPR as sub-director in the Villa Palmeras office on January 16, 1984, and during her tenure was transferred several times to different directorial positions in various SLPR offices. Defendant-Appellee Charles S. Hey-Maestre ("Hey") became Executive Director of SLPR on May 8, 2006.

In September 2008, upon her return from a year-long leave of absence, Del Valle-Santana was made a sub-director at the Carolina office because, at the time, the other director positions were occupied.  She was then transferred to Director of the Appeals

- 2 -

Unit on August 10, 2009. Her transfer letter, signed by Hey, stated that the transfer was a "lateral movement," and that her salary and marginal benefits would remain the same. During this time, in addition to serving as Director, Del Valle-Santana also performed some director duties for the Corozal and Rio Piedras offices, and worked on appeals as a litigating attorney.

In mid-November of 2011, Congress announced a major cut in the amount of federal funds that would be allotted to the Legal Services Corporation ("LSC"), the congressionally-created non-profit corporation that manages annual appropriations from Congress and allocates them to legal services organizations across the United States. The LSC is a major funding source for SLPR, and the appropriations cut translated into a decrease of approximately $2.7 million, or 15 percent, of the SLPR budget for 2012. In response, SLPR's Board of Directors convened several emergency meetings and ultimately decided to reduce staff, laying off ten employees. As part of the lay-offs, SLPR eliminated the Appeals Unit, which consisted of Del Valle-Santana's director position and that of an administrative secretary. The ages of the ten laid-off employees ranged from 28 to 76. No replacements were sought for the Appeals Unit, as the unit was completely eliminated.

Del Valle-Santana was terminated on January 12, 2012 at the age of 63. On June 25, 2012, after exhausting her administrative remedies, Del Valle-Santana filed an employment

discrimination complaint in federal court against SLPR and Hey alleging that she had been unlawfully terminated on the basis of her age.

DISCUSSION

### I. Standard of Review

We review a district court's grant of summary judgment de novo, and review the record in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). In a wrongful discharge case under the ADEA, the plaintiff bears the burden of proving that her age was the "determinative factor" in her discharge, that is, that she "would not have been fired but for [her] age." Freeman v. Package Mach. Co., 865 F.2d 1331, 1335 (1st Cir. 1988). Where there is no direct proof of discrimination, as is the case here, we apply the now-familiar burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), which has been adapted for ADEA cases. Woodman v. Haemonetics Corp., 51 F.3d 1087, 1091 (1st Cir. 1995).

Under the McDonnell Douglas framework, the plaintiff must first make out a prima facie case for age discrimination by showing that (i) she was at least 40; (ii) her work was sufficient to meet the employer's legitimate expectations; (iii) her employer took adverse action against her; and (iv) either younger persons

were retained in the same position upon her termination or the employer did not treat age neutrally in taking the adverse action. Brennan v. GTE Gov't Sys. Corp., 150 F.3d 21, 26 (1st Cir. 1998). Once the plaintiff establishes her prima facie case, there is a rebuttable presumption of discrimination, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for dismissing the employee. Id. If the employer does so, the presumption vanishes and the burden shifts once again. This time, the plaintiff is required to show that the employer's proffered reason is but a pretext, and "that age was the but-for cause of the employer's adverse action." Vélez v. Thermo King de P.R., Inc., 585 F.3d 441, 447-48 (1st Cir. 2009) (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009)).

## II. The Age Discrimination Claim

On the motion for summary judgment below, the district court assumed that Del Valle-Santana had established a prima facie case, and accepted the defendants' proffered non-discriminatory reason that the termination was a result of the unexpected budget cuts. The district court then granted judgment in the defendants' favor on grounds that Del Valle-Santana had failed to show that this reason was pretext and that the termination was motivated by age animus. Having reviewed the record, we affirm the grant of summary judgment to the defendants, but do so on the ground that Del Valle-Santana failed to establish a prima facie case for age

discrimination.[1]  See Hodgens v. Gen. Dynamics Corp., 144 F.3d 151, 173 (1st Cir. 1998) ("We will affirm a correct result reached by the court below on any independently sufficient ground made manifest by the record." (citation omitted)).

There is no dispute that Del Valle-Santana has satisfied the first three elements of the prima facie case: (i) she was over 40 years old when she was terminated; (ii) her work met the employer's legitimate expectations until the time of her termination; and (iii) her termination constitutes an adverse employment action.  The parties disagree as to whether she has established the fourth element: that younger persons were retained in her same position after she was terminated (or that the defendants otherwise did not treat age neutrally in their decision to terminate her).  See Brennan, 150 F.3d at 26.

The defendants argue that younger employees were not retained in the same position because the Appeals Unit Director position was "unique," and remained unoccupied after the Appeals Unit was completely eliminated as a result of the budget cuts. Del Valle-Santana disagrees, arguing that when SLPR transferred her over to the Appeals Unit in the first place, they called it a "lateral" move.  Therefore, she contends the Appeals Unit Director position was not unique, and the younger, less-experienced

---

[1] Therefore, we do not reach the second and third steps of the McDonnell Douglas framework.

directors who were retained in other SLPR offices remained in the same director position she had held before she was terminated. At the very least, she says, whether these director positions were the same or different is a disputed issue that should be submitted to a jury.

We do not need to make a decision on the question of whether the Appeals Unit Director position was the same as the other director positions because even if we assume, favorably to the plaintiff, that they were the same, Del Valle-Santana still fails to state a prima facie case. Del Valle-Santana fails to show that the younger employees who occupied these assumedly same positions were significantly younger than her. See O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1996). As the Supreme Court explained in O'Connor, a prima facie case of age discrimination "requires evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion," and "such an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger." Id. at 312-13 (emphasis added)(citation omitted). Applying O'Connor, this Court has held that a three-year age difference between a plaintiff and his replacement is "too insignificant to support a prima facie case of age discrimination." Williams v. Raytheon Co., 220 F.3d 16, 20 (1st Cir. 2000).

- 7 -

While the burden of establishing a prima facie case is "not onerous," the plaintiff is still required to prove the prima facie elements by a "preponderance of the evidence." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Here, the sole piece of evidence Del Valle-Santana has produced to prove that younger employees were retained in her position after she was terminated is a single paragraph in her affidavit that states: "Several younger directors with less experience and seniority were not fired. These were Yolanda Bonilla, Eduardo Escribano, Roberto Laboy, Consuelo Melendez, Janice Gutierrez and Jamila Canario." Del Valle-Santana does not provide the actual ages of these other directors in her affidavit, nor is there anything in the record that would otherwise indicate that these other "younger" directors were significantly younger than Del Valle-Santana, so as to permit an inference of age discrimination. Del Valle-Santana argues that she was not required to provide the directors' ages, but provides no case law to support this contention and no explanation of how, given O'Connor, she can state a prima facie case for age discrimination without doing so.[2] Thus, Del Valle-Santana has

---

[2] Del Valle-Santana addresses O'Connor in her reply brief only to argue that O'Connor does not require her to prove that the retained directors were substantially younger. But, as we have already explained, O'Connor does require a minimum showing that a replacement (or in this case retained) employee was significantly younger.

failed to carry her plaintiff's burden to produce evidence supporting a prima facie case for age discrimination.

Furthermore, other than these purported "younger" comparators, Del Valle-Santana provides no evidence that the defendants otherwise failed to treat age neutrally in their decision to terminate her.  See Brennan, 150 F.3d at 26.[3]  For example, she has not provided any evidence of incidents of age-based animus.[4]  The result is that Del Valle-Santana has failed to establish the fourth prima facie element.  She has not met her burden to prove either that the "younger" directors who were retained were sufficiently younger to support an inference of age discrimination, or that the defendants did not otherwise treat age neutrally in deciding to terminate her.

---

[3] For example, lack of age-neutrality "may be manifested either by a facially discriminatory policy or by a policy which, though age-neutral on its face, has the effect of discriminating against older persons, say, by leading inexorably to the retention of younger employees while similarly situated older employees are given their walking papers."  Brennan, 150 F.3d at 27 (quoting Vega v. Kodak Caribbean, Ltd., 3 F.3d 476, 479 (1st Cir. 1993)).

[4] In her complaint, Del Valle-Santana alleged that Hey referred to her and older directors as the "Medicare group," however the record contains no evidence to support this allegation. In his affidavit, Hey denies ever making this statement.  Del Valle-Santana does not dispute the denial or make any other reference to it, either in her affidavit or in her response to the statement of facts in support of summary judgment, therefore we do not consider it.

We therefore conclude the district court properly granted summary judgment in favor of defendants. Accordingly, we affirm.