# United States Court of Appeals
## For the First Circuit

No. 17-1544

WILBUR L. HOFFMAN-GARCÍA,

Plaintiff, Appellant,

ZORAIDA I. RODRÍGUEZ-DÍAZ;
CONJUGAL PARTNERSHIP HOFFMAN-RODRÍGUEZ

Plaintiffs,

v.

METROHEALTH, INC., d/b/a HOSPITAL METROPOLITANO

Defendant, Appellee,

KAREN ARTAU-FELICIANO; FACILITIES SERVICES MANAGEMENT &
MAINTENANCE, INC.; IAN RODRÍGUEZ-ALVARADO; XYZ INSURANCE CORP.;
AMERICAN INTERNATIONAL INSURANCE GROUP, INC. (AIG),

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Boudin, Circuit Judges.

Erick Morales-Perez on brief for appellant.
José R. González-Nogueras, Lloyd Isgut-Rivera, and Pizarro &
González, on brief for appellee.

March 19, 2019

**BOUDIN**, <u>Circuit Judge</u>. Wilbur Hoffman-García ("Hoffman") was employed by Hospital Metropolitano in San Juan, Puerto Rico, from 1995 until 2012, when he was laid off. At the time of his termination he served as Physical Plant Director, and his duties included handling maintenance issues, managing the Physical Plant Department's budget, overseeing utilities management and repairs, attending meetings with other senior personnel at the hospital, procuring supplies to keep the hospital in good physical condition, hiring contractors to perform larger projects, and maintaining premises safety and security.

The hospital explained Hoffman's dismissal as part of an effort to cut costs, as it subsequently hired an outside contractor to perform maintenance services. Along with Hoffman, the hospital laid off all of the staff employed in the Physical Plant Department, including Hoffman's deputy, Giovanni Martínez. However, Martínez was rehired some months later for the newly created position of Safety Officer. Hoffman calls the rehiring of Martínez instead of him discriminatory based on age, but Hoffman did not apply for the position of Safety Officer when it became available. Martínez was thirty-six years old at the time he was rehired, while Hoffman was sixty-two.

Hoffman sued the hospital under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and Puerto Rico antidiscrimination and tort law. Following discovery, the

district court granted in part the hospital's summary judgment motion, Fed. R. Civ. P. 56, finding that the hospital had facially legitimate, non-discriminatory grounds to close the Physical Plant Department and to terminate Hoffman's position; but absent trial, the court declined to decide whether the hospital treated age neutrally when it rehired Martínez rather than Hoffman. Hoffman-Garcia v. Metrohealth, Inc., No. 14-CV-1162, 2016 WL 4146098 (D.P.R. Aug. 3, 2016).[1]

A jury trial then ensued, but at the close of evidence the district court granted the hospital's motion for judgment as a matter of law, Fed. R. Civ. P. 50(a). In that ruling, see Hoffman-Garcia v. Metrohealth, Inc., No. 14-CV-1162, 2018 WL 671200 (D.P.R. Jan. 31, 2018), the district court rejected Hoffman's two separate though overlapping theories of age discrimination, the first predicated on Hoffman's initial termination and his claim that a younger employee (Martínez) was retained to perform his same job function, and the second predicated on the hospital's failure to hire Hoffman as Safety Officer and to instead hire Martínez for that position.

The court found as to both theories that the position of Safety Officer varied significantly in its duties and requirements

---

[1] The court granted summary judgment to the hospital with respect to Hoffman's claim under Puerto Rico's general tort statute, P.R. Laws Ann. tit. 31, § 5141, for reasons not pertinent here.

- 4 -

from those of Physical Plant Director and that the two were not "situated similarly in all relevant aspects," Cardona Jimenez v. Bancomercio de Puerto Rico, 174 F.3d 36, 42 (1st Cir. 1999). Further, Hoffman never applied for the position of Safety Officer, which undercut his argument that he had experienced an adverse employment action. Cf. Velez v. Janssen Ortho, LLC, 467 F.3d 802, 807-08 (1st Cir. 2006). The court therefore dismissed the ADEA claim as a matter of law. See, e.g., Del Valle-Santana v. Servicios Legales de Puerto Rico, Inc., 804 F.3d 127, 131-32 (1st Cir. 2015) (affirming dismissal for failure to establish prima facie case of discrimination).

The court also granted judgment as a matter of law to the hospital on Hoffman's two surviving Puerto Rico law claims, one of which alleged age discrimination, P.R. Laws Ann. tit. 29, § 146 et seq., and the other of which alleged unjust discharge from employment, P.R. Laws Ann. tit. 29, § 185a et seq. As to these two claims, the court found that the closure of the hospital's Physical Plant Department for business reasons constituted just cause, that nobody was hired to perform the duties or job earlier held by Hoffman, and that given the similarities between the burden-shifting framework governing ADEA claims and the test for the Puerto Rico Law claims, Caraballo-Cecilio v. Marina PDR Tallyman LLC, 14-CV-1454, 2016 WL 6068117, at *2-3 (D.P.R. Oct. 13, 2016), the same analysis governed.

Hoffman now appeals, claiming that the court erred in granting judgment as a matter of law to the hospital and that a jury question existed as to the hospital's motivations in rehiring Martínez rather than Hoffman for the position of Safety Officer. Such claims are reviewed de novo, Delgado v. Pawtucket Police Dep't, 668 F.3d 42, 50 (1st Cir. 2012), taking the evidence in the light most favorable to the non-moving party, Malone v. Lockheed Martin Corp., 610 F.3d 16, 20 (1st Cir. 2010). This court asks whether in the trial record a rational jury could find in favor of Hoffman. Wilson v. Moreau, 492 F.3d 50, 52 (1st Cir. 2007).

Hoffman's brief principally seizes on language from the district court's oral announcement and subsequent written order of its decision which mentions the uncontradicted testimony from José Samuel Rosado, the hospital's director, that age did not factor in his decision to rehire Martínez and that because the safety officer position was inferior in authority and salary to Hoffman's prior position, he did not believe that Hoffman would have been interested. Hoffman ties this in with various cases noting the traditional rule that in the Rule 50 context it is improper to consider the credibility of witnesses, see, e.g., Barkan v. Dunkin' Donuts, Inc., 627 F.3d 34, 39 (1st Cir. 2010), such matters being the province of the jury.

The problem for Hoffman is that much of Rosado's testimony and the district court's mention of it were beside the

point: here, Hoffman plainly failed to meet his burden of showing that his previous position of Physical Plant Director, or a position involving comparable duties and responsibilities at the hospital, was subsequently filled by a younger person, or that he applied for a position and did not get the job because the employer preferred a younger candidate. Under the burden shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), there were fatal and uncontradicted defects in Hoffman's prima facie theory of liability as established by the evidence at trial.

The Physical Plant Director position at the hospital was eliminated entirely; Martínez was rehired for the position of Safety Officer, which came with a monthly salary of $2,183 (Hoffman had been earning $7,432 a month at the time his position was terminated). Hoffman never himself applied for the position, which we have noted is a fatal defect in the similar context of Title VII failure-to-rehire retaliation cases. See Velez, 467 F.3d at 807 (noting the requirement that "plaintiffs asserting discriminatory retaliation must show that they applied for a specific vacant position for which they were qualified, and that they did not get the job").

Hoffman's duties as Physical Plant Director at best minimally overlapped with Martínez's duties as Safety Officer. Martínez in his new role had no director-level, decision-making responsibility. He did not attend meetings with other directors,

supervise contractors, oversee the budget, or otherwise manage the physical plant.

That Martínez in his new position inherited Hoffman's responsibility for safety issues is not sufficient, for this was but a small portion of Hoffman's duties.  See LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 846 (1st Cir. 1993).  Nor can discriminatory animus be inferred solely from the subsequent hiring of a younger employee for a position plainly inferior to the plaintiff's previous position.  Pagues-Cahue v. Iberia Lineas Aereas de España, 82 F.3d 533, 538 (1st Cir. 1996).

Affirmed.