**Not for publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 17-1435

ALJADI LÓPEZ-ROSARIO; MARGIE TORRES-MONTALVO; CONJUGAL
RELATIONSHIP LÓPEZ-TORRES; ALJADIE LÓPEZ-TORRES,

Plaintiffs, Appellants,

v.

PROGRAMA SEASONAL HEAD START/EARLY HEAD START DE LA
DIÓCESIS DE MAYAGÜEZ, INC.; MYRNA CARRERO; BOARD OF
DIRECTORS OF PROGRAMA SEASONAL HEAD START/EARLY HEAD START
DE LA DIÓCESIS DE MAYAGÜEZ, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Kayatta, Circuit Judges.

Eugenio W.A. Géigel-Simounet, with whom Géigel-Simounet Law Offices C.S.P. was on brief, for appellants.
Jesús R. Morales Cordero, with whom Bufete Morales Cordero, C.S.P. was on brief, for appellees.

March 4, 2021

**HOWARD, Chief Judge.** In this action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, Aljadi López-Rosario ("López"),[1] alleges that his employer discriminated against him on the basis of age. The district court granted the employer's motion for summary judgment, and López now seeks our review of that decision. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Given the district court's thorough recounting of the facts, López-Rosario v. Programa Seasonal Head Start/Early Head Start de la Diócesis de Mayaguez, 245 F. Supp. 3d 360, 365 (D.P.R. 2017), we offer here only the essential background. In 2002, López began working at Centro de Desarrollo Familiar Seasonal Head Start/Early Head Start Diócesis de Mayagüez Inc. ("Programa"). Programa is a not-for-profit corporation that relies on federal funds to operate "Head Start Program" pre-school care centers for low-income children. Employment documents signed by López described his position at Programa as a "Driver/Handyman." In that position, López was responsible for transporting the young participants and their relatives; he also had some responsibilities related to minor repairs. Programa had a separate

---

[1] The other named plaintiffs - Margie Torres-Montalvo and Aljadie López-Torres - are López's spouse and son, respectively. Since their claim rests entirely on their relationship with López, their claims rise and fall with López's claim.

position titled "Handyman," which was focused on repair work at Programa's facilities.

In 2013, the Head Start Office of the United States Department of Health and Human Services notified Programa that, due to a general lack of funding, there would be a reduction in the assignment of funds that had already been approved for that fiscal year. Programa lost more than five percent of its budget (approximately $155,654). Programa adopted a number of austerity measures, including eliminating all transportation services that were not provided in collaboration with other funding sources. As such, Programa reduced the working hours and pay of the two occupants of the Driver/Handyman position - López and Harry Muñoz.

López protested verbally and his lawyer sent a letter requesting reconsideration. López's request moved through the internal grievance processes at Programa. Meanwhile, for the rest of the fiscal year 2013, López continued working under the new reduced schedule. Programa's budget during 2014 turned out to be the same as the reduced 2013 budget. In February 2014, as typically happened, Programa distributed new annual employment contracts for that year. The employment contract presented to López maintained the reduced work hours. He declined to sign it, and that ended his employment with Programa.

In April 2014, López filed a discrimination charge with the Puerto Rico Department of Labor and Human Resources

Antidiscrimination Unit.  When that agency issued him a "Right to Sue" letter, he initiated this federal court action asserting his claim under the Age Discrimination in Employment Act ("ADEA"). After the discovery period, Programa moved for summary judgment. The district court granted the motion.  López timely appealed that decision.[2]

## II. LEGAL STANDARDS

We review summary judgment decisions de novo.  See Aetna, Inc. v. Pfizer, Inc., 712 F.3d 51, 53-54 (1st Cir. 2013).  Our task on appeal is to assess whether the non-moving party presented a genuine question of material fact warranting a trial.  See Flovac, Inc. v. Airvac, Inc., 817 F.3d 849, 853 (1st Cir. 2016). During that assessment, we draw all reasonable inferences in favor of the non-moving party, but we disregard unsupported speculation and conclusory allegations.  See McGrath v. Tavares, 757 F.3d 20, 25 (1st Cir. 2014) (citing Alicea v. Machete Music, 744 F.3d 773, 778 (1st Cir. 2014)).  In the end, if the record is devoid of a genuine issue of material fact, then the grant of summary judgment was proper and we will affirm.  See Tobin v. Fed. Express Corp., 775 F.3d 448, 450–51 (1st Cir. 2014).

---

[2] While there were other named defendants in the district court, López expressly limited this appeal to the grant of summary judgment in favor of Programa.  Thus, the grant of summary judgment in favor of the Board of Directors and Myrna Carrero is not affected by this appeal.

## III. ANALYSIS

The ADEA prohibits employers from discriminating against employees on the basis of age. 29 U.S.C. § 623(a)(1); see Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 17 (1st Cir. 2006). Having brought only indirect evidence of discrimination, López must rely on the burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Del Valle-Santana v. Servicios Legales de P.R., Inc., 804 F.3d 127, 129-30 (1st Cir. 2015). That framework begins by placing the burden on the plaintiff to establish a prima facie case of discrimination by showing that (1) he was at least forty years of age; (2) his work met his employer's expectations; (3) his employer took an adverse action against him; and (4) his employer treated similarly situated younger employees differently with respect to the adverse action. Id. at 129.

Although López has satisfied three of these requirements, the district court properly concluded that his failure on the fourth prong entitled Programa to summary judgment. The opinion issued by the district court is sound, and we adopt its reasoning; we add only a few points of emphasis.

To begin, we easily conclude that López's showing on the first and third prongs of the prima facie case were sufficient: Programa conceded below that López was over forty years of age at the time of the challenged action and that the reduction in hours

- 5 -

and pay constituted an adverse employment action.[3]  As to the second prong, López succeeded in raising a triable issue as to whether his work performance met Programa's legitimate expectations.  Evidence in the record established that López worked for Programa for approximately twelve years, and for the last two years López did not receive any warnings.  Moreover, Programa offered López an opportunity to renew his employment in the 2014 fiscal year, a meaningful indication that Programa considered his performance at least sufficiently satisfactory to keep working there.

At the summary judgment stage, evidence of this kind suffices.  See, e.g., Meléndez v. Autogermana, Inc., 622 F.3d 46, 51 (1st Cir. 2010) (pointing to the plaintiff's ten years with the employer and receipt of awards as evidence that was "minimally sufficient to show that there was a triable issue as to his ability to meet [his employer's] legitimate expectations"); Vélez v. Thermo King de Puerto Rico, Inc., 585 F.3d 441, 448 (1st Cir. 2009) (noting that a "long record of employment" contributed to an adequate showing regarding work performance).  In reaching this conclusion, we are guided by our prior acknowledgments that "an employee's burden at the prima facie stage is not particularly

_____

[3] Given our conclusion that the reduction in hours satisfied the adverse employment action prong, there is no need to analyze whether other actions amounted to a constructive discharge, as López urges.

onerous." Meléndez, 622 F.3d 46, 51 (citing Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

López's success ends there, however, because he did not establish a genuine issue of material fact on the fourth prong of his prima facie case of discrimination. López did not produce evidence that Programa failed to "treat age neutrally" when it reduced work hours for its drivers. Brennan v. GTE Gov't Sys. Corp., 150 F.3d 21, 26 (1st Cir. 1998). López attempted to point to the experience of two of his co-workers: Harry Muñoz and Angel Ruiz. However, neither of these two individuals are satisfactory comparators.

We explain, starting with Muñoz. Although Muñoz held the same Driver/Handyman position as López, Muñoz's hours and pay were reduced alongside López's hours and pay. Since Muñoz and López received the very same treatment, Muñoz's experience does not help López establish a triable issue as to whether Programa treated individuals of different ages differently in reducing hours. See, e.g., Marcano-Rivera v. Pueblo Int'l., Inc., 232 F.3d 245, 252 (1st Cir. 2000) (holding that the plaintiff failed to establish that similarly situated employees without disabilities were treated differently where the record revealed that all employees in the relevant position received the same adverse employment action).

López's reliance on Ruiz as a comparator also hits a dead end, though for a different reason: the record does not support the claim that López and Ruiz were similarly situated employees. First, the summary judgment record illustrates that their positions at Programa were meaningfully distinct. While López worked as a Driver/Handyman, Ruiz worked as a Handyman. Despite what those titles might superficially suggest, the difference in the positions was not semantic nor was it created after the fact for the purposes of litigation. Handyman and Driver/Handyman were listed separately in Programa's internal documents, and those documents describe those positions as having substantially different responsibilities. Pursuant to the job descriptions, the Driver/Handyman position was focused on transporting preschool, infant, and toddler participants. The Handyman position was focused on maintenance, repairs, and other forms of manual labor in the facilities. The Handyman position required skills in carpentry, masonry, plumbing, and electricity; by contrast, the Driver/Handyman position required driving-related licenses and courses, as well as the ability to relate to children. Positions that have markedly different focuses, responsibilities, and qualifications are insufficient comparison points for disparate treatment claims; that remains true even if the positions have a narrow degree of overlap. See Goncalves v. Plymouth Cty. Sheriff's Dep't, 659 F.3d 101, 106 (1st Cir. 2011) (quoting

<u>Feliciano de la Cruz</u> v. <u>El Conquistador Resort & Country Club</u>, 218 F.3d 1, 5 (1st Cir. 2000)) (explaining that in employment discrimination cases, "[s]imilarly situated candidates must share 'roughly equivalent qualifications to perform substantially the same work'").

There are additional gaps in López's case for surviving summary judgment. For example, López also failed to produce evidence showing that Ruiz and López had similar performance levels and disciplinary records. <u>See, e.g.</u>, <u>Adamson</u> v. <u>Walgreens Co.</u>, 750 F.3d 73, 82 (1st Cir. 2014) (affirming grant of defendant's motion for summary judgment where there was no evidentiary showing that plaintiff and other employees had the same disciplinary record). In the end, López's failure to present a similarly situated employee who was treated differently prevents him from establishing a prima facie case of discrimination.

Where, as in this case, "the plaintiff has failed to limn a prima facie case, the inference of discrimination never arises, and the employer's motion for summary judgment will be granted." <u>Mesnick</u> v. <u>Gen. Elec. Co.</u>, 950 F.2d 816, 824 (1st Cir. 1991) (citing <u>Menard</u> v. <u>First Sec. Servs. Corp.</u>, 848 F.2d 281, 285-87 (1st Cir. 1988)). Accordingly, we end our analysis here.

**Affirmed**. Each side to bear its own costs of appeal.